### Rocco Fumiciello's (dependent's) Case.

Suffolk.   November 17, 1914. — December 29, 1914.

Present: Rugg, C. J., Braley, De Courcy, & Crosby, JJ.

*Workmen's Compensation Act.*

Where a workman in the employ of a contractor was killed by a train when on his way home from his work he had entered upon the tracks of a railroad, which, so long as he boarded and lodged at the place where he did by his own choice at the time, "it was necessary for him to use . . . to go to and from his place of employment," it can be found by the Industrial Accident Board that the injury which caused his death did not arise "out of and in the course of his employment" within the meaning of St. 1911, c. 751, Part II, § 1.

Appeal to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board.

At the hearing of the case in the Superior Court the report of the committee of arbitration stated the following facts: Rocco Fumiciello, the deceased employee, was employed by Lathrop and Shea, who were doing some contract work for the Boston and Albany Railroad Company near Middlefield. He lived about one mile west of where he was employed, and it was necessary for him to pass over the tracks of the Boston and Albany Railroad Company to go from his work to his home. On the night of September 3, 1912, he last was seen between seven and eight o'clock at or near the track of the Boston and Albany Railroad Company. He then was going from his work in a westerly direction toward his home. The following morning, his body was

found about three hundred yards in a westerly direction from where he worked and about one quarter of a mile east from where he lived.

The finding of the committee was as follows: "On this evidence, we find that on September 3, 1912, Fumiciello left his work to go to his home and while walking along the tracks of the Boston and Albany Railroad he was hit by a train and killed. It was necessary for him to go over the tracks of the railroad in order to get to his home. He left a widow, Rosa Fumiciello, who was wholly dependent upon his wages for support." The committee found that the widow was not entitled to compensation "for the reason that the injury to the employee did not arise out of and in the course of his employment."

Upon this report the Industrial Accident Board found that the employee, "after completing his work for the day, entered upon the railroad of the Boston and Albany Railroad and was hit by a train and killed. It was necessary for him to use the railroad tracks in order to go to and from his place of employment." They also made the following finding: "It was not shown that it was a part of the contract of employment that the employee should live at this boarding place and go along this stretch of track to reach the scene of his employment." In conclusion the board found "upon all the evidence, that the personal injury received by the employee, the said Rocco Fumiciello, did not arise out of and in the course of his employment and that no compensation is due the widow, Rosa Fumiciello, under the workmen's compensation act."

The judge of the Superior Court made a decree affirming this decision; and the employee's dependent appealed.

S. L. Bailen, (F. Leveroni with him,) for the dependent widow.

L. C. Doyle, (W. H. Hitchcock with him,) for the insurer.

BRALEY, J. The undisputed material facts show that the deceased employee, while returning home at the close of the day's work, entered upon a railroad track where he was struck by a train and killed. And the question for decision is whether the injury arose out of and in the course of his employment. St. 1911, c. 751, Part II, § 1.

It is plain that if, as the record states, it was necessary for him to pass over the railroad location, it formed no part of the employ-

ers' plant; nor was it in any way connected therewith or in their control as was the common stairway used by employees in *Sundine's Case*, 218 Mass. 1. The contract of employment did not provide for transportation or that the employee should be paid for the time taken in going and returning to his place of employment, and when the day's work had ended the employee was free to do as he pleased. If he had chosen to use the public ways and had been injured by a defect or passing vehicle the administrator could not recover against the employer because there would be no causal connection between the conditions of employment and the injuries suffered. *McNicol's Case*, 215 Mass. 497. *Holness* v. *Mackay & Davis*, [1899] 2 K. B. 319.

The principle is the same and equally applicable where the employee uses a private way or crosses the land of another, either as a licensee or a trespasser. The decree for the insurer was properly entered and should be affirmed.

*So ordered.*