## Minnie Hoffman, Administratrix of the Estate of Jacob Hoffman, Deceased, Appellee, v. Knisely Brothers, Appellant.

## Gen. No. 21,359.

1. WORKMEN'S COMPENSATION ACT, § 11*—*when death of employee is accident arising out of and in course of employment.* Where an employee, on leaving a building after quitting work there for the day, is killed by falling down a stairway therein, the accident is one arising out of and in the course of employment within the meaning of the Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 *et seq.*), entitling his administratrix to compensation therefor.

2. WORKMEN'S COMPENSATION ACT, § 3*—*when employer subject to.* Employer becomes subject to the Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 *et seq.*), without any affirmative act on his part in the absence of an election not to be bound thereby.

3. WORKMEN'S COMPENSATION ACT, § 4*—*when employee within act.* Employee becomes subject to Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*), without any affirmative act on his part in absence of election not to be bound thereby.

4. WORKMEN'S COMPENSATION ACT, § 12*—*when fact that employee not under matter of defense.* In a proceeding for compensation under the Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 *et seq.*), that the employee is not bound by such act, is a matter of defense.

5. WORKMEN'S COMPENSATION ACT, § 12*—*when evidence sufficient to sustain award.* In a proceeding for compensation for death under the Workmen's Compensation Act of 1911 (J. & A. 5449 *et seq.*), evidence *held* to make out a prima facie case for an award and to support the inference that the deceased lost his balance from walking over loose blocks of wood on a stairway.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1915.    Affirmed.    Opinion filed June 1, 1916.

ZIMMERMAN, MYERS & GARRETT, for appellant.

DANIEL L. MADDEN and RICHARD J. FINN, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This was a proceeding to recover compensation under the so-called Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 *et seq.*), for the death of Jacob Hoffman, an employee of appellant. On appeal from an award of the arbitrators to the Circuit Court, the matter was heard *de novo* before that court without a jury, and at the close of plaintiff's case the defendant moved for a finding in its favor. The motion was overruled, whereupon the defendant rested, and the court entered a finding for plaintiff and a judgment for $3,500 to be paid in instalments, as provided under said act. From such judgment this appeal was taken.

The evidence fairly tended to show these facts: Hoffman had been working for appellant about nine years. He was paid on the basis of hours' work. On the day of the accident he was employed by appellant in sheet metal work on the roof of a building in the course of construction. The stairway used for getting up and down in the building had no railing on one side of it and was covered with small wooden blocks and other material from the carpentering. Hoffman worked up to the noon hour when he left the building for lunch. On returning therefrom he said to his foreman, in substance, that as there was not enough work for all the men on the job for the rest of the day he would go to the shop, and if there was no work there he would go home.

Thereupon his helper took his tools and he proceeded to descend the stairway. When part way down it he was seen to slip or trip and fall headlong over its open side to the floor. From the injury received he died the same day.

Appellant's main contention is that such a state of facts does not present a case where the injury was one "arising out of and in the course of employment." (Hurd's Rev. St. 1911, p. 1136 [J. & A. ¶ 5449].) In that we do not concur. The leaving of the premises where he was employed was so closely connected with his employment as to render it a necessary incident thereof. As said in *Terlecki v. Strauss,* 85 N. J. L. 454 (4 N. C. C. A. 584): "It is a necessary implication of the contract that the workman shall come to his work and shall leave with reasonable speed when the work is over." In that case the employee suffered an accident while combing her hair in preparation to go home. The court said that while the employment was not the proximate cause of the accident "it was a cause in the sense that, but for the employment, the accident would not have happened," and held that the accident arose out of and in the course of the employment. It further said that it would be too narrow a construction to limit the benefit of the statute to the time the workman is actually employed. There can be little doubt that on authority the relation of master and servant could be deemed to have existed while the workman was getting out of the building where he had to go in his employment.

But cases have arisen under a similar law on analogous facts where the principle of construction stated in the *Terlecki* case, *supra,* has found application. (*Donovan's* case, 217 Mass. 76 [4 N. C. C. A. 549]; *Sundine's* case, 218 Mass. 1 [5 N. C. C. A. 616]; *Rayner v. Sligh Furniture Co.,* 180 Mich. 168 [4 N. C. C. A. 851].) A like construction has been given to these words in English cases, cited in the foregoing cases.

We do not deem it necessary to enlarge upon the discussion of this subject, the principle applicable here being so tersely and clearly stated in the *Terlecki* case, *supra.*

That defendant was bound by the act is not questioned but it is contended that there was no proof that the employee had elected to be bound thereby. As said in *Dietz v. Big Muddy Coal Co.,* 263 Ill. 486 (5 N. C. C. A. 424), the employer and employee became subject to the act "without any affirmative action on their part. The elective feature of the act is to be exercised to avoid being governed thereby, and not to cause the act to be applied in any given case." If the employee was not bound it was a matter of defense, defendant practically admitting it was bound by the act.

It is also contended by appellant that the proof is as consistent with nonliability as liability. The contention is based on the testimony of one witness that the deceased was not steady on his legs, his eyesight was bad, and he was subject to dizzy spells. Taking the evidence as a whole we think it makes a prima facie case and supports the inference that he lost his balance from walking over the loose blocks on the stairway. We think the judgment should be affirmed.

*Affirmed.*