FRANK STACY's (dependent's) CASE.

Worcester.    October 3, 1916. — November 27, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act.    Proximate Cause.*

Where a workman of an ice company, employed in the work of storing in an ice-house ice taken from the pond of his employer, was returning at the end of his day's work to his home on the other side of his employer's pond, and crossed the pond on the ice, this being the "reasonable and customary way," although not the only way, to reach his home and being the way "regularly" used by him and his fellow employees who lived in the same direction, and where, while thus crossing the pond, the employee broke through the ice and was drowned, in a claim by his dependent widow under the workmen's compensation act it can be found that the injury to the employee resulting in his death arose out of and in the course of his employment.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board awarding to Philomene Stacy, as the dependent widow of Frank Stacy, an employee of the Leominster Ice Company, the sum of $4,000 payable in weekly instalments of $9.35 from January 20, 1916, which was the date of the death of the employee by breaking through the ice and drowning in Colburn's Pond in Leominster.

The case was heard by *Jenney*, J. The facts found by the arbitration committee and reported by the Industrial Accident Board are stated in the opinion. The insurer's requests for rulings one, two and three there referred to were as follows:

"1. Upon all the evidence in this case the widow of the employee is not entitled to compensation under the act.

"2. The deceased, Frank Stacy, did not meet his death by an injury arising in the course of his employment.

"3. The deceased, Frank Stacy, did not meet his death by an injury arising out of his employment."

The judge refused to make these rulings and made a decree affirming the decision of the Industrial Accident Board. The insurer appealed.

The case was submitted on briefs.

*D. F. Gay*, for the insurer.

*H. C. Bascom*, for the dependent widow.

CROSBY, J. This is an appeal from a decree entered in the Superior Court under the workmen's compensation act. The claimant's decedent was drowned on January 20, 1916, by reason of breaking through the ice of Colburn's Pond in Leominster, while on his way home from work. Up to the time of his death, he had been employed by the insured in the ice-house, in the work of storing ice which was cut from the pond. The ice-house was situated at the southerly end of the pond and the decedent lived on Exchange Street in Leominster, directly north from the ice-house, across the pond.

The evidence showed that there was a path around the pond from the ice-house in the direction of Exchange Street. The arbitration committee found that the distance to reach Exchange Street from the ice-house by this route was circuitous, and very much farther than by crossing the pond on the ice. The committee also found that "the way out by the driveway to Chestnut Street and thence to Pleasant Street" was another way which he could have taken. The committee further found that "the employee followed the reasonable and customary way of leaving his employer's premises. He and Douglass crossed by this way regularly and other employees who lived on his street, which lies in the same direction as Exchange Street, used this way of leaving the premises. It appears that the path around the pond was not used in winter. . . . The employee was on his employer's premises when he met his death and was leaving those premises by a reasonable way. . . . Here there was no other convenient way of going home. . . . The pond was the premises of his employer, under his employer's control. It was as a result of the working operations of his employer that he met his death."

The report sets forth all the evidence material to the issues involved in the case. The committee has found that the death of

the employee arose out of and in the course of his employment. The Industrial Accident Board upon review affirmed and adopted the findings and decision of the committee.

While the employee's work for the day had been finished and he was on his way home at the time of the fatal accident, still it is settled that an injury to a workman may arise out of and in the course of his employment even if he is not actually working at the time of the injury. *Von Ette's Case*, 223 Mass. 56, and cases cited. See also *Olsen* v. *Andrews*, 168 Mass. 261, 263, 264.

In view of the special findings of the committee above recited, we are of opinion that the conclusion reached ·by the committee and affirmed by the board, that the death of the employee arose out of and in the course of his employment, was justified. The finding that the pond was in the control of the employer and that crossing over it upon the ice was the "reasonable and customary way" for the deceased to reach his home, and that he and other employees who lived in the same direction "crossed by this way regularly," warranted the further finding that the injury occurred in the course of the employment.

It also could have been found that the death of the employee was due to his employment as a contributing proximate cause, incidental to the nature of the work in which he was engaged. There was evidence from which the board could have found that Stacy's death occurred by reason of the special hazard incident to the work which it was his duty to perform. *McNicol's Case*, 215 Mass. 497. *Sanderson's Case*, 224 Mass. 558. *Lowry* v. *Sheffield Coal Co. Ltd.* 1 B. W. C. C. 1. *M'Kee* v. *Great Northern Railway*, 1 B. W. C. C. 165. *Gane* v. *Norton Hill Colliery Co.* 2 B. W. C. C. 42. *Ewald* v. *Chicago & Northwestern Railway*, 70 Wis. 420.

The case at bar is clearly distinguishable from *Fumiciello's Case*, 219 Mass. 488. In that case the employee was killed upon a railroad track which was not a part of the premises of the employer.

It follows that the rulings one, two and three requested by the insurer could not have been made.

*Decree affirmed.*