## John O'Brien's Case.

Worcester.    October 1, 1917. — November 2, 1917.

Present: Rugg, C. J., Braley, De Courcy, & Pierce, JJ.

*Workmen's Compensation Act.*

A workman sixty-four years of age, who was employed in a comb factory, had started
to go home at the end of a day's work and was descending a stairway on the
outside of the factory building which led from the second floor to the ground,
when in some way he lost his balance and fell over a railing, which was on the
right hand side of the staircase and was about three feet high, and was injured. .
There were two other ways of going to the street from the second floor, but the
stairs on which the accident happened were used by some of the men in the de-
partment of the factory in which the employee worked. In a claim made by
the employee under the workmen's compensation act the Industrial Accident
Board found that the injury "arose out of and in the course of his employment."
*Held,* that the finding was warranted, the reasonable probability that an em-
ployee might be injured in descending such a staircase being a risk of the
claimant's employment in that factory.

Appeal to the Superior Court under St. 1911, c. 751, Part III,
§ 11, as amended by St. 1912, c. 571, § 14, from a decision of the
Industrial Accident Board awarding compensation to John O'Brien,
who was employed by the Standard Comb Company in its factory
at Leominster, for an injury received on September 12, 1916, as
described in the opinion.

The case was heard by *Sanderson*, J.   It appeared that no new
evidence was presented before the Industrial Accident Board, who
based their decision wholly upon the report filed by the arbitra-
tion committee.   The facts shown by that report are stated in the
opinion.   The judge made a decree in accordance with the deci-
sion of the Industrial Accident Board; and the insurer appealed.

The case was submitted on briefs.

*C. C. Milton & F. L. Riley,* for the insurer.

*J. W. Healey,* for the employee.

Pierce, J.   It was agreed that the employee received an injury
on September 12, 1916, in the course of his employment; that the
claim for compensation was filed on January 5, 1917, and that the
employer had knowledge of the injury when the accident occurred.

On appeal to this court the only question presented is whether or not the injury which the employee received on September 12, 1916, arose out of his employment.

The facts were these: The employee was sixty-four years of age and was practically blind as to his right eye. He had worked for the employer when there was work for him to do for five years, and was always faithful at his work. His vision was ample so far as his working needs were concerned and he could see with his left eye to go down the stairway upon which the injury occurred. The accident happened at about six o'clock in the evening after the whistle had blown and while the employee was going down stairs on his way home. The stairway from which the employee fell is on the outside of the building of the employer and goes up from the ground to the second story. It is covered by a roof which is held up by posts: one at the top of the stairway, one about five feet down, one some feet below that and still another farther down. There is a railing about three feet high on the right side of the stairs as one comes down. These stairs were used by some of the men in the employee's department. There are three ways of going down to the street from the second floor and the men had the privilege of using any one of the stairways. There was evidence that the employee had his hand on the railing part way down the stairs; that momentarily he took his hand off the railing; that other employees were rushing down the stairs; that when he reached the third upright post and the ninth step from the bottom, he reached for the railing again, lost his balance and went right over the railing to the ground. Upon all the evidence the Industrial Accident Board found that the employee "received a personal injury which arose out of and in the course of his employment, on September 12, 1916, by reason of a fall while leaving the premises of his employer, which was occasioned either by a misstep, which caused him to slip, or the loss of his balance while reaching for the railing of the stairway down which he was proceeding."

We are of opinion that there is a reasonable probability that some employee in the course of his employment will fall and receive an injury while descending a stairway of an employer, constructed and used as the stairway was in the case at bar. It follows that the likelihood of such a fall is a risk and hazard of that business.

*Sundine's Case,* 218 Mass. 1.   *Von Ette's Case,* 223 Mass. 56. *Cox's Case,* 225 Mass. 220.

*Hewitt's Case,* 225 Mass. 1, and *Sanderson's Case,* 224 Mass. 558, are distinguishable on their facts.

*Decree of Superior Court affirmed.*