GERTRUDE O. HALLETT'S (dependent's) CASE.

Suffolk.   November 21, 1918. — January 13, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act*, Risks of employment.

In a claim under the workmen's compensation act by the dependent husband of a woman employee, who died without regaining consciousness as the result of falling at the top of a flight of stone steps which served as the entrance to the building where she was employed, it appeared that the steps, which led from the sidewalk, were wholly within the building in a recess made for them, and there was evidence on which, by the elimination of all other causes, it could have been found that the fall and death of the employee were caused solely by her catching her heel or toe on the outer edge of the top step when she was returning from her midday luncheon for the purpose of resuming her work for the afternoon.   It was found by the Industrial Accident Board and by the Superior Court that the injury and death of the deceased employee arose out of and in the course of her employment.   *Held*, that the finding was warranted, although the risk of a fall in using the entrance steps of the building of the employer was one that to a degree was common to all persons who entered the building for any purpose.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board awarding compensation to John Lawrence Hallett as the dependent husband of Gertrude O. Hallett, who died on August 18, 1917, by reason of falling at the top of a flight of granite steps serving as the entrance of the store where she was employed as bookkeeper by the S. K. Dexter Company, a corporation carrying on the business of a whole-sale grocer at Lowell.

In the Superior Court the case first was heard by *Wait*, J., who made a decree in accordance with the decision of the Industrial Accident Board.   The insurer appealed to this court, who, by a decision reported in 230 Mass. 326, ordered that the

case be recommitted to the Industrial Accident Board to find the cause of Mrs. Hallett's fall.

The case was recommitted as ordered. The Industrial Accident Board made the findings of fact which are stated and described in the opinion and found that the injury and death of the employee arose out of and in the course of her employment, and that the claimant, the husband of the deceased employee, being conclusively presumed under the statute to have been wholly dependent upon her for support, was entitled to a weekly compensation of $8.67 for a period of five hundred weeks from August 18, 1917, the date of the injury, such sum, however, not to exceed $4,000. The insurer appealed to the Superior Court, where the case was heard on the new report of the Industrial Accident Board by *J. F. Brown*, J. The judge made a decree in accordance with the decision of the Industrial Accident Board; and the insurer appealed.

*G. Gleason*, for the insurer.

*S. E. Qua*, for the dependent husband.

PIERCE, J. At the former hearing of this case, 230 Mass. 326, the decree of the Superior Court was reversed and the case "recommitted to the Industrial Accident Board to find the cause of Mrs. Hallett's fall." At the rehearing before the Industrial Accident Board the claimant introduced additional evidence designed to cover the question raised in the former opinion. The board found "that the deceased employee, Gertrude O. Hallett, fell because she struck her toe or heel against the outer edge of the top step as she was about to pass through the door into the store of her employer; . . . no internal cause or personal ailment contributed to her fall, the employee being in good health at the time of the injury. . . . There was nothing about the clothing of the employee which would have a tendency to cause her to catch her foot and trip; the employee did not trip on her dress, nor did her dress and clothing contribute to cause her fall; the carrying of the articles which the employee had at the time of her fall did not contribute to cause the deceased to trip and fall and did not contribute to her injury and death. The employee had not performed any arduous labor on the day on which she fell; she had been walking the short distance from her home to her place of employment, just prior to the injury,

and was neither weak nor tired from the walk, which occupied not more than six minutes of her time; the employee did not faint or catch her foot in her clothing ,and did not fall from any unexplained cause. Weather conditions were fine, the day of the fatality being a pleasant summer's day, not excessively hot, and the weather did not in any way contribute to cause the employee's fall; the steps on which the deceased fell were located in an entrance which was recessed in the front wall of the employer's building; said steps were surrounded on three sides and covered by the employer's building, and they were entirely on the premises of the employer and belonged to him and were in no part on the sidewalk; and at the time of her fall the deceased was returning from her lunch for the purpose of resuming her work for the afternoon."

The testimony of Dickerman was that he "was in the store at the time of this accident . . . facing toward the door. He saw Mrs. Hallett approaching from the direction of the station and come up the steps; that when she reached the top steps, he heard a click as though she struck her toe or heel. . . . Her feet were on the top step with reference to the threshold of the door, when she started to fall; that he couldn't tell what part of the top step it was. Her feet were very close to the threshold inside the edge of the threshold when she fell on to the floor. His impression was that it was the outer edge of the step that she caught her foot or toe on; that her right foot was on the top step and left foot came up, and then he heard this click. He was under the impression that her toe or heel of the left foot caught on the outer edge of the top step, causing her to fall," was ample evidence to warrant the finding "that the deceased employee, Gertrude O. Hallett, fell because she struck her toe or heel against the outer edge of the top step as she was about to pass through the door into the store of her employer." There is evidence in the testimony of the other witnesses to warrant, by a process of elimination, the finding of the board that the fall and death were attributable solely to the catching of the heel or toe of the deceased against the outer edge of the top step.

Upon the foregoing findings, the Industrial Accident Board ruled that "The hazard or danger of accidentally falling on said steps as the deceased fell was an incident of her employment on

the premises of the subscriber, and was not a danger common to the community; the employee's injury and death arose out of and in the course of her employment; the danger of tripping and losing one's balance and falling as the employee did is reasonably incidental to the act of ascending a flight of granite steps."

The case now comes before this court on an appeal of the insurer from the judgment of the Superior Court "that the injury and death of the deceased employee arose out of and in the course of her employment."

If the intestate had fallen and received the injuries she did while actively engaged in the performance of her duties, the risk and harm of that fall would have been an incident and hazard of her employment although the cause of her fall might rest in pure conjecture and speculation. *Dow's Case,* 231 Mass. 348. When the intestate fell she was not in the active performance of her duties, but was upon the premises of the subscriber and in its employment. *Sundine's Case,* 218 Mass. 1. *Stacy's Case,* 225 Mass. 174. The risk of a fall upon machinery, upon steps or passageways or over obstructions to travel, is a hazard to a degree common to all persons who enter or seek to enter a manufactory or a mercantile building or other building for business or for pleasure. *Dow's Case, supra. Sundine's Case, supra. Cox's Case,* 225 Mass. 220. *O'Brien's Case,* 228 Mass. 380. See *Hewitt's Case,* 225 Mass. 1; *Donahue's Case,* 226 Mass. 595.

It follows that the decree of the Superior Court must be affirmed.                                                           *So ordered.*