## WERTZ v. REYNOLDS ET AL.

[No. 11,242.    Filed December 23, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Cessation of Employment.—Question of Fact.*—It is a question of fact as to when employment ceases within the terms of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918). p. 236.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Findings.—Sufficiency of Evidence.*—In a proceeding under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918) to obtain compensation for the death of a timber buyer who was killed in a railroad crossing accident while driving his employers' automobile after leaving the em-

Wertz *v.* Reynolds—77 Ind. App. 234.

ployer's office in the evening, evidence *held* sufficient to support a finding that death did not result from injuries arising out of and in the course of the employment. p. 236.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Laura A. Wertz against Frank Reynolds and another. From an award denying compensation, the applicant appeals. *Affirmed.*

*John A. Titsworth* and *A. P. Donadio,* for appellant. *Allan P. Vestal,* for appellees.

McMAHAN, J.—The facts as found by a majority of the members of the full Industrial Board are in substance as follows: On January 14, 1921, one Henry Wertz was in the employ of appellees at an average weekly wage in excess of $24. He received a personal injury on said day which resulted in his death about five hours afterward. Appellees had actual knowledge of said injury and death immediately thereafter. Appellant is the surviving wife of said Henry Wertz and was living with him as such at the time of the injury and death. The accident did not arise out of and in the course of his employment with appellees.

The evidence shows that Mr. Wertz was a timber buyer for appellees. He had no particular territory, but bought wherever there were trees to sell, and in so doing used an automobile belonging to appellees, which was kept sometimes at the Wertz home and sometimes at appellees' mill. Mr. Wertz had his own car which he kept in a garage in Rushville. Sometimes he took the company car to the garage and left it there while he drove his own to his home about a mile west of the city. He was accustomed to use the car for his personal use whenever he liked. His duties required him to be at the mill and start the teams, and then to take the automobile and go out to buy timber. There was

no fixed time for him to report back. He usually reported to the mill when he finished his work and before going to his home. On January 14, 1921, he reported to the factory about 4:00 or 5:00 p.m. He left the factory in the company automobile and was injured as a result of a collision with a Cincinnati, Indianapolis and Western Railway train. Sometime during the day he stated that he wanted to take the automobile home with him that evening so as to bring his wife into town that night. Appellees gave him permission to take the automobile for that purpose. It is not known whether he was going home or to the garage or to either when he was killed.

Appellant claims that said injury arose out of and in the course of the employment; that Wertz was not using the car for his own personal use and such personal use could not have begun until he had reached his home, when his employment for the day would have ended.

*In re Stacy* v. *Travelers' Ins. Co.* (1916), 225 Mass. 174, 114 N. E. 206, quoted by appellant to the proposition that an injury may arise out of and in the course of employment while an employe is on the way home, the place in which the accident occurred was on the premises of the employer, was the usual and the only convenient way of going home and entirely under the employer's control.

It is a question of fact as to when employment ceases. *Indian Creek Coal, etc., Co.* v. *Wehr* (1920), 74 Ind. App. 141, 128 N. E. 765. The evidence here is sufficient to support the finding of the board that the injury to the employe which caused his death did not arise out of and in the course of his employment.

The award is affirmed.