## LAURA LIENAU v. NORTHWESTERN TELEPHONE EXCHANGE COMPANY.[1]

January 27, 1922.

No. 22,650.

**Workmen's Compensation Act applies to employes in telephone exchange.**
An employe of a telephone company, whose employment was on an upper floor of a building owned by the company and used exclusively by it, was injured while descending in an elevator in the building upon leaving work. *Held* that the compensation act applies to the case and a common law action for damages does not lie.

Action in the district court for Dakota county to recover $50,000 for injuries received in the fall of an elevator. The answer alleged defendant advised plaintiff in writing that it was ready and willing to make settlement with plaintiff under the Workmen's Compensation Act. The case was submitted to Converse, J., on stipulated facts, who denied defendant's motion for judgment on the pleadings.

[1]Reported in 186 N. W. 945.

Defendant's motion to set aside the order denying its motion for judgment on the pleadings and on the agreed state of facts, was denied. From an order denying its motion for judgment notwithstanding the findings, defendant appealed. Reversed.

*E. A. Prendergast* and *Ernest E. Watson,* for appellant.

*Mart M. Monaghan,* for respondent.

HALLAM, J.

In 1920 defendant was engaged in the construction of a twelve-story office building in Minneapolis for its exclusive use. While the building was partly finished defendant fitted up for use the eighth floor of the building and installed there one of its departments. Defendant installed and was using an elevator for transporting its employes to and from the eighth floor and for transporting building material. There was also a stairway furnishing means of ingress and egress to and from the eighth floor.

On June 21, 1920, plaintiff was in the employ of defendant in the department installed on the eighth floor. At the close of her work on that day, plaintiff with other employes entered the elevator at the eighth floor to descend and leave the building, and, while they were descending, the elevator suddenly dropped and plaintiff was injured. Plaintiff brought this action, alleging that the injury was caused by the negligence of defendant and asking damages predicated on defendant's common law liability. The case was submitted on defendant's motion for judgment on the pleadings and on an agreed statement of facts. The court denied the motion, holding that recovery might be had at common law. Defendant appeals.

The sole question on this appeal is whether plaintiff's right of recovery is at common law or under the compensation act. The trial court held that the compensation act did not apply and that the recovery was at common law. With this we cannot agree. The decision depends on a construction of G. S. 1913, § 8230-i. This section provides that the compensation act "is hereby declared, not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their service requires their presence as a part of such service at the time

of the injury, and during the hours of service as such workmen."
We think that under a fair construction of the act it must be held
applicable to a case such as this. In general it may be said that
the act was intended to apply in cases where the relation of master
and servant exists. It would be indeed confusing to have the act
apply only part of the time during the existence of such relation.
It was part of the master's duty to furnish on its own premises safe
ingress and egress to and from the portion where plaintiff was employed. While plaintiff was upon the premises making her exit the
relation of master and servant, therefore, existed, with its reciprocal
duties and obligations. McDonough v. Lanpher, 55 Minn. 501, 57 N.
W. 152, 43 Am. St. 541; Stavros v. Chicago, M. & St. P. Ry. Co.
supra, page 251, 186 N. W. 942. We are of the opinion that plaintiff
was "about the premises" where her services were being performed.
Whether this accident occurred "during the hours of service" is a
more difficult question, but we think those words should be construed to include the period of reasonably prompt ingress and egress
while still upon the immediate premises. This construction seems
to us permissible and to best accord with the beneficent purposes
of the act, though a different construction might benefit this particular plaintiff.

In reaching our conclusion we are unable to get much assistance
from decided cases, but the decisions tend to sustain our decision.

In State ex rel. Green v. District Court of Ramsey County, 145
Minn. 96, 176 N. W. 155, a janitor was injured while going down a
flight of stairs to attend a furnace. He was held within the act.
The circumstances were of course somewhat different.

Decisions under statutes of other states are in accord with this
decision, but they are generally under statutes differing somewhat in
language from section 8230-i. It has been generally held that preparation for beginning active employment after the place of work
has been reached and for leaving the premises after the period of
active employment has ended, is part of the employment. Rayner v.
Sligh Furn. Co. 180 Mich. 168, 146 N. W. 665, L. R. A. 1916A, 22
Ann. Cas. 1916A, 386; City of Milwaukee v. Althoff, 156 Wis. 68, 145

N. W. 238, L. R. A. 1916A, 327; Terlecki v. Strauss, 85 N. J. Law, 454, 89 Atl. 1023, affirmed 86 N. J. Law, 708, 92 Atl. 1087.

The period of employment is generally held to include a period of temporary absence from the work room in taking lunch on another part of the premises; Boyle v. Columbia F. P. Co. 182 Mass. 93, 64 N. E. 726; Sundine's Case, 218 Mass. 1, 105 N. E. 433, L. R. A. 1916A, 318; or going to or from a toilet, Zabriskie v. Erie R. Co. 86 N. J. Law, 266, 92 Atl. 385, L. R. A. 1916A, 315.

The period of employment is generally held to include the period "whilst physically engaged in making his way 'from the entrance of the master's premises to the place where he works" within a reasonable margin of time before he is due to commence work. Lawless v. Wigan Coal & Ice Co. 124 L. T. 532, or while leaving the building by a stairway within such margin of time after his work is ended. O'Brien's Case, 228 Mass. 380, 117 N. E. 619; Hoffman v. Knisely Bros. 199 Ill. App. 530; Wabash R. Co. v. Industrial Commission, 294 Ill. 119, 128 N. E. 290.

Erickson v. St. Paul City Ry. Co. 141 Minn. 166, 169 N. W. 532, and Nesbitt v. Twin City Forge & F. Co. 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165, are not out of harmony with this decision. In each of those cases the men injured were at the time of the injury upon a conveyance furnished by the employer but a considerable distance from their place of work.

Order reversed.