## NELLIE SULLIVAN'S (dependent's) CASE.

Suffolk.   December 2, 1921. — March 3, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

A woman employed in a department store in a city, being taken sick while at her work, retired to a rest room, which, with a nurse and physician in attendance, was provided by her employer for the care and treatment of employees who wished rest or were taken sick while at work as well as for members of the general public similarly circumstanced while in the store.   She was attended by a nurse, who left her reclining on a couch and went into an adjoining room. Suddenly the nurse heard a loud crash and, looking up, saw an arm and part of the body of the employee protruding through a glass door, which was eight feet from the couch where the employee had been left reclining and separated the two rooms.   An artery in the employee's wrist was severed and she died. Upon an appeal from a decree awarding compensation to a dependent of the employee, it was *held,* that

(1) Findings "that the illness of the employee caused her to fall and her proximity to the glass door of the rest room at a time when she was under the care of a nurse under decedent's contract of employment with the subscribers resulted in the severance of an artery of the right arm, with ensuing hemorrhage and death," were warranted;

(2) A finding that the employee's "employment exposed her in a special manner to risk of injury while using the rest room furnished by the subscribers for the use of their employees," was warranted;

(3) The fact that the employer, for reasons which were not stated in the record, chose to make the rest room available jointly for the use both of employees and of members of the public who came into the store on business, did not take the injury out of the scope of decedent's employment;

(4) Findings, "that the illness which caused the fall of the employee was the remote cause of her death, and that the fall through the glass door was the dominant and proximate cause of the personal injury which resulted in her death," were warranted;

(5) The injury which caused the death of the employee arose out of and in the course of her employment, and the decree awarding compensation was proper.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board awarding compensation to the claimant as a dependent of Nellie Sullivan, who was found to have died as the result of an injury, which she received while in the employ of Jordan Marsh Company in Boston in the circumstances described in the opinion and which was found to have arisen out of and in the course of her employment.

In the Superior Court, a decree was entered by order of *Sisk*, J., in accordance with the decision of the Industrial Accident Board; and the insurer appealed.

The case was submitted on briefs.

*G. Gleason*, for the insurer.

*P. L. Keenan & J. P. Buckley*, for the claimant.

BRALEY, J. The case was submitted to the board member upon the following agreed facts: "The deceased died on May 26, 1919, from injuries received while she was in the employ of the subscriber who owns and maintains a department store in Boston. The employee was employed as a saleslady in the department on the first floor of the subscriber's building. On the morning of May 26, 1919, the employee reported for work. About nine o'clock in the morning the employee was not well so she left her work and went to a department on the fourth floor of the subscriber's building. This department comprises rooms which are conducted as rest rooms and first aid hospital where employees of the subscriber may rest and receive medical treatment for injuries or sickness. Customers of the subscriber and others passing through the building of the subscriber also use these rooms where they may rest, or if taken sick or injured while in the store, may receive medical attention. Two nurses and a physician are in attendance in these rooms and they render professional services to employees, customers or others who use the rooms, without charge. After remaining in this rest room, or first aid hospital, the employee left and went to another part of the building, but did not return to her work that morning. About 11:30 o'clock that morning the employee returned, ill, to the rest room, or first aid hospital, and was attended by a nurse who advised her to lie down. When the nurse left the employee, the latter was lying on a couch. Shortly after noon the nurse

was sitting at her desk outside the room in which the employee was last seen lying down. Suddenly the nurse heard a loud crash and looking up from her desk saw an arm and part of a body protruding through the glass panel of the door between the rest room in which the employee had been lying down and the room in which the nurse's desk was located. The body which crashed through the glass panel of the door was identified as that of the employee, Miss Sullivan. She was seen to be very seriously injured. A physician was called and the employee was removed in an ambulance to the Boston City Hospital Relief Station at Haymarket Square. The employee died upon the arrival of the ambulance at the relief station. By reason of crashing through the glass panel of the door the employee sustained a severance of an artery in the right arm and the hemorrhage from this severed artery caused her death. The sickness from which the employee suffered the morning of May 26, 1919, prior to her death arose from natural causes and was in no way caused by her employment. It is also agreed that Bertha Sullivan is the mother of the deceased girl." On review by the Industrial Accident Board, the further agreed fact was added, that "The door with the glass panel above referred to was at least eight feet away from the couch where the employee was last seen lying." It also was agreed at the hearing on review that the board might draw such inferences of fact as the agreed facts warranted.

The board with all the evidence before it, found that "the illness of the employee caused her to fall and her proximity to the glass door of the rest room at a time when she was under the care of a nurse under decedent's contract of employment with the subscribers resulted in the severance of an artery of the right arm, with ensuing hemorrhage and death. The board find that decedent's employment exposed her in a special manner to risk of injury while using the rest room furnished by the subscribers for the use of their employees; and the fact that said subscribers, for reasons which are not stated in the record, chose to make the rest room available jointly for the use of both employees and members of the public who came into their store on business, does not take the injury without the scope of decedent's employment. The board find that the illness which caused the fall of

the employee was the remote cause of her death, and that the fall through the glass door was the dominant and proximate cause of the personal injury which resulted in her death."

The case is close. But in the opinion of a majority of the court it cannot be held as matter of law that these findings are wholly unsupported by the record. *Callahan* v. *New England Telephone & Telegraph Co.* 216 Mass. 334. *Sundine's Case,* 218 Mass. 1. *Sponatski's Case,* 220 Mass. 526. *Von Ette's Case,* 223 Mass. 56. *Dow's Case,* 231 Mass. 348. *Hallett's Case,* 232 Mass. 49. *White* v. *E. T. Slattery Co.* 236 Mass. 28. *Fernald's Case,* 240 Mass. 567. *Sanderson's Case,* 224 Mass. 558, is not in point. The decree awarding compensation, the amount and time of payment of which is not in dispute, should be affirmed.

*Ordered accordingly.*