REED *v.* BLISS & VAN AUKEN LUMBER CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ACCIDENT
    CAUSING DEATH OF EMPLOYEE ON WAY HOME NOT IN COURSE OF
    EMPLOYMENT.
    Where an employee, after finishing his week's work on
        Saturday noon, drew his pay, left his employer's premises
        in an automobile not owned or controlled by the em-
        ployer, and while on a public street, on his way home, was
        accidentally killed by a locomotive, the department of
        labor and industry properly determined that the accident
        did not arise out of or in the course of his employment,
        within the meaning of the workmen's compensation act.

Certiorari to Department of Labor and Industry.
Submitted October 18, 1923.     (Docket No. 25.)     De-
cided December 19, 1923.

Ella Reed presented her claim for compensation
against the Bliss & Van Auken Lumber Company
and the Michigan Mutual Liability Company, insurer,
for the accidental death of her husband in defendant's
employ.     From an order denying compensation, plain-
tiff brings certiorari.     Affirmed.

*Purcell & Picard,* for appellant.

*Beaumont, Smith & Harris* (*Albert E. Meder,* of
counsel), for appellees.

FELLOWS, J.     Defendant lumber company operates
a lumber yard in Saginaw consisting of 20 acres.     The
generally used method of ingress and egress to and
from the plant is through a gate opening onto Niagara
street, a north and south street 66 feet in width.
While a few employees go across the river in boats
and some of them go through the fence at other

On injuries received while going to and from work within
the meaning of the workmen's compensation acts, see notes in
L. R. A. 1916A, 331; L. R. A. 1917D, 119; L. R. A. 1918F, 907.
    On death or injury during traveling as arising out of or in
the course of employment, under workmen's compensation laws,
see notes in 20 A. L. R. 319.

points, most of them use this entrance. It is also used by the company's customers and for general purposes, and the fire department use it to get to the dock at the river. The fence at this point is of wire, and we do not understand that the gate is kept closed during operating hours. The Michigan Central railroad runs on Niagara street, its main track being slightly east of the center of the street, a spur track running to the property of the Saginaw Manufacturing Company being east of the main track. There is a spur track running into the lumber company's property, but this is above the entrance and is not important here. Richard Reed, plaintiff's husband, was in the employ of the lumber company, as a lumber inspector. September 16, 1922, was a Saturday. The plant did not operate on Saturday afternoons. After Mr. Reed had completed his forenoon's work, he went to the office and got his pay check and that of a fellow workman named Moore who was ill at home. While the parties are not agreed as to the exact distance from the office to the street, it is upwards of 200 feet. On coming out of the office Mr. Reed got into an automobile owned by Mr. Moore and that day driven by his wife. He had for some few weeks come to his work and returned home in the Moore automobile and there is some testimony tending to show that he paid Mr. Moore a stated sum weekly for such transportation. Mrs. Moore drove the automobile out through the gate into Niagara street and when on the main track of the railroad they were struck by a fast train. Mrs. Moore was seriously injured and Mr. Reed was killed. Plaintiff as sole dependent made claim against the lumber company for compensation, which claim was denied by the department of labor and industry. She here reviews such action, claiming that the department of labor and industry erroneously held that the accident did not arise out of and in the course of the employment.

An examination of the authorities is convincing that it is a general rule that an accident does not arise out of and in the course of the employment when it occurs while the employee is on his way to work before he has reached the premises of the employer, or when he is on his way home and has left the employer's premises.   Mr. Bradbury, with the citation of numerous authorities (Bradbury on Workmen's Compensation [3d Ed.], p. 468) thus states the rule:

"Ordinarily when an employee is injured while traveling to or from his place of work on his employer's premises, and the employee is not paid for the time consumed in going and coming, the means of conveyance is not furnished by the employer and the employee has departed from or has not yet reached the employer's premises, the injury does not arise out of the employment."

And in Ruegg on Employers' Liability and Workmen's Compensation, p. 377, it is said:

"In one sense, it may be said to be a part of his duty to get to such place, but if his method of traveling is not controlled by the employer, if he is a free agent, it is thought this qualified duty is not sufficient to raise, at the time, the relation of employer and workman.

"The same may be said with respect to the time occupied in returning home from work, and of intervals allowed for meals when spent off the employer's premises."

In *Caton* v. *Iron & Steel Co.*, 39 Scot. L. R. 762, in denying liability, it was said by the Lord Justice-Clerk:

"The deceased at the time of the accident had ceased his work, had left the place where he did it, and was on his way home.   He had at the time no duty to fulfill to his master, and his master had no duty to fulfill towards him.   The relation of master and servant had ended for the day, he having fulfilled his work and left the place where his work was being done."

And in *Bell* v. *Armstrong, Whitworth & Co.*, 12 B. W. C. C. 138, it was said by the Master of the Rolls:

"It is said for her that the employers ought to be liable. The answer is that an accident of that sort does not arise out of and in the course of the employment. It is conceded, and is well established by authority, that if the employee met with a similar accident in going to the place of business in the morning, or at any time in returning home from the place of business, that would be outside the act, and no authority whatever has been produced to establish that an employee is entitled to compensation in respect of an accident occurring in the public street when the employee was not there on the employers' business, and when he was not there pursuant to any duty which he owed to the employer."

In *DeVoe* v. *N. Y. State Rys.*, 218 N. Y. 318 (113 N. E. 256, L. R. A. 1917A, 250), it was said:

"The employee is not insured generally against accident while working for the street railway corporation. At home or on the street he may meet with accident not arising out of or in the course of his employment. The act does not cover such cases. The employee gets up in the morning, dresses himself and goes to work because of his employment, yet if he meets with an accident before coming to the employers' premises or his place of work that is not a risk of his occupation but of life generally."

This court has recognized this general rule. *Hills* v. *Blair*, 182 Mich. 20; *Guastelo* v. *Railroad Co.*, 194 Mich. 382 (L. R. A. 1917D, 69); *Lipinski* v. *Sutton Sales Co.*, 220 Mich. 647. But like most general rules this one has its exception which was noted in the *Hills Case*, where it was said:

"In applying the general rule that the period of going to and returning from work is not covered by the act, it is held that the employment is not limited by the exact time when the workman reaches the scene of his labor and begins it, nor when he ceases, but includes a reasonable time, space, and opportunity before and after, while he is at or near his place of employment."

It is insisted by plaintiff's counsel that the case falls within the exception rather than the rule, while defendants' counsel insist that it falls within the rule. Defendants' counsel also insist that if it is within the exception the commission has by its findings determined the question of reasonable time, space and opportunity—a question of fact in this case—adversely to plaintiff's contention and that such finding is final under the repeated decisions of this court.    I am persuaded that the case falls within the rule.    It is a matter of common knowledge that in our industrial centers thousands of workmen daily leave the plants where they are employed and emerge into the street with its dangers from street cars, railroad trains, automobiles, trucks, and other hazards.    These are not hazards incident to their employment but are common to all upon our streets.    In the instant case deceased had finished his work for the week and had drawn his pay.    He owed no duty to his employer until the following Monday.    He was free to go where he pleased and as he pleased; he left the employer's premises by means entirely of his own choosing, over which the employer had no control; arriving in the street he was killed by an engine, an instrumentality over which the employer likewise had no control.    Under these circumstances, I think it should be said as matter of law that the accident did not arise out of decedent's employment and that it was not in the course thereof.

There is also some force in defendants' contention that the question of reasonableness was one of fact for the department of labor and industry.    *Hoskins* v. *Lancaster*, 3 B. W. C. C. 476.    But whether we treat the case as presenting a question of law or of fact or of both law and fact, I am persuaded that the result reached by the department of labor and industry should not be disturbed.

For the benefit of the profession we append a list

of cases from other jurisdictions which have been examined in addition to those cited, and which may be found helpful in future cases.[1]

The award will be affirmed.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.     MOORE, J., concurred in the result.

---

[1]*Nolan* v. *Porter & Sons*, 2 B. W. C. C. 106; *Kelly* v. *Owners of the Ship "Foam Queen,"* 3 B. W. C. C. 113; *Moore* v. *Manchester Liners*, Id. 527; *Anderson* v. *Fife Coal Co.*, Id. 539; *Gilmour* v. *Dorman, Long & Co.*, 4 B. W. C. C. 279; *Walters* v. *Staveley Coal & Iron Co.*, Id. 303; *Biggart* v. *S. S. Minnesota*, 5 B. W. C. C. 68; *Cook* v. *S. S. Montreal*, 6 B. W. C. C. 220; *Parker* v. *S. S. Black Rock*, 8 B. W. C. C. 327; *Smith* v. *South Normanton Colliery Co.*, 5 W. C. C. 14; *Benson* v. *Railway Co.*, 6 W. C. C. 20; *Donahue's Case*, 226 Mass. 595 (116 N. E. 226, L. R. A. 1918A, 215); *Sundine's Case*, 218 Mass. 1 (105 N. E. 433, L. R. A. 1916A, 318); *O'Brien's Case*, 228 Mass. 380 (117 N. E. 619); *Bell's Case*, 238 Mass. 46 (130 N. E. 67); *Keaney's Case*, 232 Mass. 532 (122 N. E. 739); *Rourke's Case*, 237 Mass. 360 (129 N. E. 603, 13 A. L. R. 546); *Stacy's Case*, 225 Mass. 174 (114 N. E. 206); *Fumiciello's Case*, 219 Mass. 488 (107 N. E. 349); *Hallett's Case*, 232 Mass. 49 (121 N. E. 503); *International Harvester Co.* v. *Industrial Board*, 282 Ill. 489 (118 N. E. 711); *Fairbank Co.* v. *Industrial Commission*, 285 Ill. 11 (120 N. E. 457); *Schweiss* v. *Industrial Commission*, 292 Ill. 90 (126 N. E. 566); *H. W. Nelson R. Const. Co.* v. *Industrial Commission*, 286 Ill. 632 (122 N. E. 113); *Hoffman* v. *Knisely Bros.*, 199 Ill. App. 530; *State, ex rel. McCarthy Bros. Co.*, v. *District Court*, 141 Minn. 61 (169 N. W. 274); *Wertz* v. *Reynolds* (Ind. App.), 133 N. E. 393; *Payne* v. *Wall* (Ind. App.), 132 N. E. 707; *Great Lakes Dredge & Dock Co.* v. *Totzke*, 69 Ind. App. 303 (121 N. E. 675); *Bylow* v. *St. Regis Paper Co.*, 166 N. Y. Supp. 874; *McInerney* v. *Railroad Corp.*, 225 N. Y. 130 (121 N. E. 806); *De Constantin* v. *Public Service Com.*, 75 W. Va. 32 (83 S. E. 88, L. R. A. 1916A, 329); *Procaccino* v. *E. Horton & Sons*, 95 Conn. 408 (111 Atl. 594); *Baltimore Car Foundry Co.* v. *Ruzicka*, 132 Md. 491 (104 Atl. 167, 4 A. L. R. 113); *Judson Manfg. Co.* v. *Industrial Commission*, 181 Cal. 300 (184 Pac. 1); 20 A. L. R. 319, note; 7 N. C. C. A. 409, note.