## MARK E. HOLMES'S CASE.

Suffolk.　April 2, 1929. — May 29, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

In proceedings under the workmen's compensation act, the employee, a workman in a shop, testified that, just before the close of the lunch hour on a hot day, and while waiting for the power to go on, he sat down on a block of wood at the back door of the shop, and that in a few minutes "something overcame" him, although he did not know whether it was dizziness or not, and he fell out the door and was injured. The Industrial Accident Board found that the employee's "employment exposed him in a special manner to the risk of injury while sitting on a block . . . waiting for the time to arrive to begin his work," that the condition which caused his fall was the remote cause of his injury and the fall the proximate cause, and that the injury arose out of and in the course of his employment; and awarded compensation. *Held,* that the findings were warranted.

CERTIFICATION to the Superior Court under the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to Mark E. Holmes, who was injured while in the employ of C. Holmes Company.

In the Superior Court the case was heard by *Cox,* J., by whose order a decree was entered awarding compensation. The insurer appealed. Material evidence and findings by the Industrial Accident Board are stated in the opinion.

*G. Gleason,* for the insurer.

*J. P. Donahue,* for the claimant.

CROSBY, J. On July 21, 1927, the employee, Mark E. Holmes, while upon his employer's premises was injured. He testified that just before one o'clock on the day of his

injury he was sitting on a block of wood at the back door of the shop where he was employed, "and in less than five minutes 'something overcome me' and he fell out the door on to the railroad track, a distance of about nine feet," receiving an injury to his right hip.   In reply to a question as to what kind of a feeling came over him as he fell, he testified that he did not understand it; that he did not know whether or not it was dizziness.   He testified that it was very hot that day; that he had never experienced such a feeling before; that it happened after lunch, just as he was about ready to go to work; that he had his apron on at the time; and that he did not know definitely what caused him to fall.   He told an investigator for the insurance company that he was sitting at the back door of the shop waiting for the power to start "when he kind of dozed off and fell out the back door, and on to the ground, a distance of about nine feet . . . that he thought it must have been the heat of the day which caused him to doze off"; that the lunch hour was from twelve until one o'clock, and the power goes on at one o'clock.

The board member found that the employee's injury arose out of and in the course of his employment; that "he was within the scope of his employment while spending his lunch period on the premises of his employer and that he did not depart from its scope by sitting on a block of wood or chair, after finishing his lunch while waiting for the power to start; . . . that claimant's employment exposed him in a special manner to the risk of injury while sitting on a block or chair waiting for the time to arrive to begin his work . . . that the condition which caused the employee to fall out of the back door was the remote cause of his injury and that the dominant or proximate cause of his injury was his fall."   Upon a claim for review the reviewing board affirmed the findings and decision of the board member, with one member dissenting.   A decree was entered in favor of the employee in accordance with the decision of the board, from which decree the insurer appealed.

The scope of the employee's employment was not strictly limited to the time he was actually engaged in his work.   He is entitled to compensation for an injury received while he is

on the premises of his employer doing what is necessarily incident to his work. *Bell's Case*, 238 Mass. 46, 49. He was not actually working when injured, but having had his lunch during the noon hour and while sitting down he had some kind of a seizure and fell just about as he was ready to go to work and a short time before the power would start at one o'clock. In these circumstances it cannot be said as matter of law that his injuries did not arise out of and in the course of his employment.

We are of opinion that the injury sustained while he was on the premises and waiting for the power to start so that he could resume his work could be found to have arisen out of and in the course of his employment as an incident of such employment. In *Sundine's Case*, 218 Mass. 1, it was held that the employment of the claimant was not suspended when she left the employer's premises about noon and went out for the purpose of getting a lunch, and in so doing fell upon a stairway and was injured. It was said in that case, at page 4: "It would be too narrow a construction of the contract to say that it was suspended when she went out for this merely temporary purpose and was revived only upon her return to the workroom. It was an incident of her employment to go out for this purpose." *Von Ette's Case*, 223 Mass. 56. *Stacy's Case*, 225 Mass. 174. *O'Brien's Case*, 228 Mass. 380. *Hallett's Case*, 232 Mass. 49. *Rochford's Case*, 234 Mass. 93, 94, 95. *White* v. *E. T. Slattery Co.* 236 Mass. 28, 33, 34. *Cusick's Case*, 260 Mass. 421.

*Babineau's Case*, 254 Mass. 214, and other cases relied on by the insurer are distinguishable in their facts from the present case. In the case at bar the finding that the claimant's employment exposed him in a special manner to the risk of injury while sitting on the block waiting for the time to arrive to begin his work, and the further findings that his condition, which was due to dizziness or other causes, was the remote cause of his injury, and that the dominant or proximate cause was his fall out of the door, which resulted in his injury, were not as matter of law unsupported by the evidence. *McCarthy's Case*, 232 Mass. 557. *Sullivan's Case*, 241 Mass. 9, and cases cited.

Cases which hold that injuries to employees do not arise out of their employment within the meaning of the workmen's compensation act when due to a hazard to which the general public is exposed from climatic conditions are not applicable to the facts in the present case. See *Donahue's Case,* 226 Mass. 595; *McCarthy's Case, supra,* page 559.

*Decree affirmed.*