# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

AGOSTINE COLANTUENO's (dependent's) CASE.

Suffolk.   February 2, 3, 1931. — February 26, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Proximate cause. *Proximate Cause.*

Evidence, that an employee of one insured under the workmen's compensation act, while suffering from hypertensive heart disease and at work digging a trench, fell against some sharp object and suffered a deep laceration of the scalp; that his death followed; that the fall aggravated the heart condition; and that his work had something to do with bringing about an acute cardiac condition, which caused his fall, warranted conclusions that the work of the employee was a factor in bringing on an acute heart attack; that his fall while digging the trench was an incident of his employment and the proximate cause of his death; that his injury was one to which he would not have been equally exposed apart from that employment; and that it arose out of and in the course of his employment; and his dependent was entitled to compensation.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

In the Superior Court, the case was heard by *Bishop,* J., who caused a decree to be entered awarding compensation. The insurer appealed.

*H. F. Tracy,* for the insurer.

*G. Richmond,* for the claimant.

SANDERSON, J. The deceased employee, Agostine Colantueno, before he was injured, had been in good health and worked steadily as a laborer. On October 4, 1929, he went to work digging a trench at about seven o'clock in the morning and at about 7:20 was found upon the ground with a deep scalp wound caused by striking a sharp object when he fell. He was pronounced dead at eight o'clock. A fellow employee testified that he was working at the same time with the deceased and for the same employer; that the deceased was a general laborer doing pick and shovel work in the trenches and general work of that nature; that the witness did not see him fall, but saw him after he had fallen and he was then on the ground and seemed to be unconscious. The medical examiner performed an autopsy and certified that death resulted from "hypertensive heart disease, contusion and laceration of the scalp, accidental fall, collapsed while at work digging trench." The only medical testimony heard by the single member was given by this witness. The single member found that the employee died as the result of a personal injury arising out of and in the course of his employment, that the remote cause of his death was his preëxisting physical condition, and the proximate cause was the fall which he sustained while actually engaged in the performance of his work.

The medical examiner testified, in effect, that it was not probable that death resulted from heart disease without intervening cause; that the employee was performing strenuous labor and his fall led to a deep laceration of the scalp; that he had a real fall against some instrument or object sharp enough to produce this laceration, probably a stone; that with a bump of that sort with a man having a heart emergency, the combination probably led to death; that the heart condition and the fall together were the principal cause of death; that in his opinion the laceration of the scalp aggravated the heart condition, but it was the heart condition which caused the man to fall and the laceration came about as the result of the fall; that the laceration helped to precipitate death; that in his

opinion the fall and injury sustained were an active con-
tributing factor with the heart disease in producing death;
that a large percentage of people with his trouble fall
following exertion; that overstrenuous physical exertion
can produce an acute heart attack in a person having a
weak heart or heart disease. The witness stated that in
his opinion the work had something to do with bringing
about an acute cardiac condition; and that the bleeding
from the scalp indicated that the employee was alive when
he fell. There was testimony from the widow of the em-
ployee tending to prove that the night before his death
he complained more than at other times of being tired
from the heavy work he was then doing. The reviewing
board affirmed and adopted the findings and decision of
the single member awarding compensation. The decree
of the Superior Court followed the findings of the board
and the insurer appealed. The only contention made in
its behalf is that the evidence did not justify the finding
that the injury arose out of the employment.

There was evidence to support the findings that the fall
was sustained by the employee while he was actually en-
gaged in the performance of his work, that the remote
cause of death was his preëxisting physical condition and
the proximate cause the fall. These findings must stand.
G. L. c. 152, § 10. *Swardleck's Case,* 264 Mass. 495. The
fall of an employee when engaged in the active perform-
ance of his duty may be found to be a risk or hazard to
which he would not have been exposed apart from his em-
ployment. *Dow's Case,* 231 Mass. 348. See *Hallett's
Case,* 232 Mass. 49, 52; *Bagley's Case,* 256 Mass. 593.
" When a pre-existing heart disease of an employee is ac-
celerated to the point of disablement by the exertion and
strain of the employment, . . . there may be found to have
been a personal injury " within the meaning of the act.
*Madden's Case,* 222 Mass. 487, 496. In *Cusick's Case,*
260 Mass. 421, 422, the court held that if an employee
while engaged in the work for which he is hired has an
epileptic fit and falls downstairs upon the premises of his
employer, receiving a fatal injury from the fall, the injury

may be found to be attributable to the employment and not solely to the disease. An illness may be the remote cause of a fall, and the fall itself upon the premises of the employer may be found to be the dominating proximate cause of the injury. *Sullivan's Case,* 241 Mass. 9, 11, 12. "Acceleration of previously existing heart disease to a mortal end sooner than otherwise it would have come is an injury within the meaning of the workmen's compensation act." *Brightman's Case,* 220 Mass. 17, 20. See *Wiemert* v. *Boston Elevated Railway,* 216 Mass. 598, 603; *Madden's Case,* 222 Mass. 487; *Crowley's Case,* 223 Mass. 288; *Dow's Case,* 231 Mass. 348, 352. In *Mooradjian's Case,* 229 Mass. 521, 522, 523, the medical evidence tended to prove that the employee died from the combined effect of heart weakness and the exertion required by his work and that he would not have succumbed and met his death with either of those factors absent, that both were contributing causes, and the court held that a finding awarding compensation was justified.

The evidence in the case at bar would warrant the conclusions that the work of the employee was a factor in bringing on an acute heart attack, and his fall while digging the trench an incident of his employment; that his injury was one to which he would not have been equally exposed apart from that employment, and that it arose out of and in the course of his employment. *Dow's Case, supra. McNicol's Case,* 215 Mass. 497. These conclusions do not rest upon the assumption that the ground on which the employee fell in its natural condition would be a special hazard or risk of the employment.

*Cinmino's Case,* 251 Mass. 158, 159, upon which the insurer relies, is distinguishable. In that case the death of the employee was caused by his striking his head on a concrete floor to which he fell for some physical reason not connected with the employment, and the court held that the material of which the floor was constructed did not in and of itself constitute a risk or hazard of the employment.

*Decree affirmed.*