## MARTIN BURNS'S CASE.

Suffolk.    December 6, 1928. — March 25, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

In proceedings under the workmen's compensation act, a single member of the Industrial Accident Board found that one, who commenced work as a night watchman while suffering from valvular disease of the heart and thereafter in the course of his duties walked from thirteen to fifteen miles through halls and up and down stairs every night for a period of about twenty months, when he was forced to cease work by the condition of his heart, had received a personal injury arising out of his employment. The Industrial Accident Board confirmed the finding and awarded compensation. On certification to the Superior Court, a decree was entered dismissing the claim. *Held*, that the decision of the board was not warranted and the decree of the Superior Court was affirmed.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to Martin Burns, an employee of the Windsor Print Works.

The case was heard by *Bishop*, J., by whose order a decree was entered dismissing the claim. The claimant appealed. It appeared that he was obliged by the condition of his heart to cease work on April 30, 1927.

*S. B. Horovitz*, for the claimant.

*G. Gleason*, for the insurer, submitted a brief.

WAIT, J.   The essential question in this case is whether the employee is suffering from a personal injury within the meaning of the workmen's compensation act, arising out of and received in the course of his employment as a watchman by the assured; or whether he is suffering from the inevitable decay of one growing older in an employment which he entered upon while suffering from a valvular disease of the heart.   The single member and a majority of the Industrial Accident Board have found, that when he entered upon his work he had a valvular disease of the heart; and that this condition "was the remote cause of his incapacity and injury; the strain and exertion of his job was the proximate, contributing cause."   One member of the board dissented stating that: "It seems to me that the employee's work did no more than help wear out a diseased organ of his body." The evidence is undisputed that after first working for the Arnold Print Works at North Adams, Burns went to New York for twenty-four or twenty-five years.   He returned to North Adams and worked for the Hunter Machine Company from November 11, 1922, till October 27, 1923, when he became disabled.   His trouble was diagnosed as acute rheumatism; and from November 3, 1923, until May, 1924, he was paid for disability from rheumatism under a "group health" policy issued to the Hunter Machine Company. He never returned to work with the Hunter Company and did little, if any, regular work until he began as watchman with the Windsor Print Works in August, 1925.   In this work he traversed nightly, seven nights in the week, in going through halls and up and down stairs, from thirteen to fifteen miles.

Physicians testified that valvular disease of the heart is an usual consequence of acute rheumatism, and that Burns was suffering from valvular disease of the heart, when he began work for the assured.   This was contradicted, but the single member so found.   The finding was affirmed by the Industrial Accident Board on appeal, and we think it must be taken to be the finding of the Board, — a finding of fact with which, as there is evidence to support it, under familiar principles, we cannot interfere.

As was said in *Maggelet's Case,* 228 Mass. 57, 62, this court has gone further than most courts in allowing recovery in cases of heart lesions, where there has been a weak heart before the injury was received. *Brightman's Case,* 220 Mass. 17. *Fisher's Case,* 220 Mass. 581. *Madden's Case,* 222 Mass. 487. *Mooradjian's Case,* 229 Mass. 521. All the cases of heart lesion that have been called to our attention in which compensation has been allowed, however, differ from the case which is now before us in that there was in those cases some special act or incident bringing a sudden strain upon the weakened heart. In the case before us there is nothing of the kind. The employee, with a weakened heart when he entered the employment, undertook to do an amount of walking which involved going up and down stairs. There was, however, no particular instance of strain in the course of his work, and his ultimate breakdown appears to us to be merely the natural effect of exertion in this work upon a heart already weakened by valvular disease. In such circumstances we think that the workmen's compensation act does not apply; and that as matter of law the suffering which the employee has undergone cannot be said to be the result of a personal injury arising out of the employment entitling him to compensation under the act. See *Sullivan's Case,* 265 Mass. 497.

The case is controlled by the principles laid down in *Maggelet's Case,* 228 Mass. 57. It results that the order must be

*Decree affirmed.*