PATRICK J. GRIFFIN's (dependent's) CASE.

Suffolk. October 7, 1943. — November 30, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies. *Proximate Cause.*

Evidence warranted findings that heavy lifting work in which an employee, suffering from a preëxisting "diseased heart, with arteriosclerosis and hypertension," was engaged when he died of acute heart failure was the proximate cause of his death and that his death was the result of an injury arising out of and in the course of his employment within the workmen's compensation act.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation.

A decree in accordance with the board's decision was entered by order of Swift, J. The insurer appealed. In this court the case was submitted on briefs.

J. Z. Doherty, for the insurer.

F. W. Griffin, for the claimant.

DOLAN, J. This workmen's compensation case comes before us after a decree in favor of the employee's widow entered in the Superior Court upon the findings of the board. The only issues are whether the evidence warranted the findings of the board and whether the findings support the decree adjudging that the deceased received a personal injury, arising out of and in the course of his employment, which caused his death.

The findings of the single member, which on review were adopted by the board, may be summed up as follows: The employee's death occurred at about 11 A.M. on July 22, 1940, on the premises of the Montebello Bakery, in Jamaica Plain, where the employee was a member of a crew of workmen in the service of the employer which had been sent there to set up a baker's oven, and while the "crew was still in the process of unloading and carrying into the premises the material necessary to the construction of the oven which had been transported there by a truck; and after the employee himself had participated for about forty-five minutes in such preparatory work. Under such circumstances it is plain that his death occurred in the course of his employment." The employee had a "diseased heart, with arteriosclerosis and hypertension." Three days before his death he had been examined by a physician, who found that he had a blood pressure of 210/120 and who advised him to take a week's rest and to refrain from laborious work. The work that he was doing on the morning of July 22 was in a general way characteristic of the work he had done for the same employer for several years. For several months preceding his death his work varied. Sometimes he would work at the shop where the work was lighter than that which he was called upon to do when sent out

on jobs of constructing or repairing ovens. The work that he was required to do for about forty-five minutes just prior to the attack which caused his death was strenuous. "He had to lift up and carry for a distance of several feet about sixty-five bags of rock wool weighing about thirty-five pounds apiece, and after that he had to carry about one half of seventy-five cast iron fittings, weighing an average of fifteen pounds each, which were handed over to him by another employee, two or three at the time. It was about five minutes after the last operation had been completed that he complained of pressure on his chest and difficulty in breathing. A short while later he began to perspire and turned pale. A doctor was called and about ten minutes after his arrival the employee died." Reciting that the physician called to testify by the insurer expressed the opinion that the work done by the employee on the morning of July 22 was not a factor in producing his death, the single member stated that the reasons given by this physician were not so convincing to him as the opinions expressed by two physicians who were called to testify by the claimant, especially the opinion of one of them to the effect that the exertion of the work the employee was required to perform on that morning caused his heart to "stretch out, to dilate and to become inefficient, thus causing his death by acute heart failure," and found upon all the evidence that the employee's death "was hastened by the exertion of the work he was required to perform on the morning of July 22, 1940, and [that] his death was the result of an injury arising out of and in the course of his employment."

The credibility of the witnesses and the weight to be given to their testimony were for the single member and the board, which adopted his findings, to determine, *Mallory's Case*, 231 Mass. 225, 227, and it is settled that this court will not reëxamine questions of fact decided by the single member or the reviewing board if there is evidence to sustain the findings, unless different findings are required as matter of law. *Swardleck's Case*, 264 Mass. 495, 497, and cases cited. *Colantueno's Case*, 275 Mass. 1, 3. We are of opinion that there

was evidence to warrant the single member and the board, which adopted his findings, in finding as they did that the employee's death was hastened by the exertion of the work that he was required to perform on the morning of July 22, 1940, and that his death was the result of an injury arising out of and in the course of his employment. A different finding is not required as matter of law since, while the pre-existing physical condition of the employee was a remote cause of death, it could be found properly on the evidence that the proximate cause was the physical exertion of the work that he was doing, resulting in the acute failure of the heart which caused his death. And it is settled that when "a pre-existing heart disease of the employee is accelerated to the point of disablement . . . there may be found to have been a personal injury" within the meaning of the act. *Madden's Case*, 222 Mass. 487, 496. In *Brightman's Case*, 220 Mass. 17, 20, the court said: "Acceleration of previously existing heart disease to a mortal end sooner than otherwise it would have come is an injury within the meaning of the workmen's compensation act." See also *Colantueno's Case*, 275 Mass. 1, 3–4, and cases cited. There was evidence that the work in which the employee had been engaged just a few moments before being stricken with acute heart failure, as a result of which he died shortly after the arrival of the physician who had been summoned when he collapsed, was heavy work, that the weights of the objects he was lifting were heavy, and that the position in which he was lifting the objects would put more strain on his heart and circulation. We think that the strain thus imposed upon the employee, in performing work of a general character similar to that in which he had been engaged for some years, could be found rightly to be a risk or hazard to which he would not have been exposed apart from his employment. *Dow's Case*, 231 Mass. 348, 352. *Cusick's Case*, 260 Mass. 421, 422. *Colantueno's Case*, 275 Mass. 1, 3. *De Filippo's Case*, 284 Mass. 531, 533. See *Doyle's Case*, 269 Mass. 310, 312.

*Decree affirmed.*