JOHN O'FLAHERTY'S (dependent's) CASE.

Suffolk.   December 6, 1949. — February 7, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies. *Proximate Cause.*

A finding by the Industrial Accident Board in a proceeding under the workmen's compensation act, that death of the employee was caused by aggravation of a preëxisting heart condition due to a fall on ice occurring in the course of his employment, and not by natural progress of the heart condition, was supported by the evidence and justified an award of compensation.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board in a workmen's compensation case.

The case was heard by *Swift*, J.

*F. B. Hobart*, for Wiggin Terminals, Inc.

*T. B. Shea*, for the claimant.

COUNIHAN, J.  This is an appeal from a decree of the Superior Court awarding compensation to the widow of an employee for his death resulting from personal injury to him, upon findings of the Industrial Accident Board that his injury and death arose out of and in the course of his employment. The issues raised by the self insurer, Wiggin Terminals, Inc., were (1) whether the evidence warranted the findings of the board, and (2) whether the decree entered by the Superior Court is supported by the findings of the

board. The self insurer admits that the employee fell while in the course of his employment but asserts that the claimant has not sustained the burden of proving the cause of the fall.

There was evidence as follows: The employee, who was about sixty-eight years old, had been employed by the self insurer as a porter for at least thirty years, and was engaged on the day of the accident in sweeping, cleaning, and throwing sand on icy ways and salt on steps leading to the buildings of the self insurer. On December 30, 1946, at about 10 A.M., he was seen by one Peterson walking from storehouse 10 to storehouse 12. He had a box fourteen inches by sixteen inches by five inches containing five or six pounds of salt under one arm and a regular size snow shovel under the other. The condition of the walk on which the employee was walking was "very slippery, very icy," and the employee had difficulty in walking over it. He slipped and fell on the icy walk, striking his head on the walk and causing a lump on his head the size of an egg. Peterson went to his assistance and found him lying on his back, holding his head up slightly and trying to raise himself up from the walk. He assisted the employee to the warehouse where he died a few minutes afterwards. Peterson testified that when he first reached him the employee said, "Ernie,. I s . . .," and that it sounded like an "s" sound but he . could not "supply the sound he made." There was also evidence that more than three years before the accident the employee had been treated for cardiac disease by his family doctor, but had had no treatment for that condition since then. The cause of death in the records of the registry department of the city of Boston was "acute cardiac failure arterio-sclerotic heart dis." He appeared to be in good health when he left home the morning of the accident.

There was conflict in the testimony of the medical expert called by the claimant and the expert called by the self insurer. The single member adopted the opinion expressed by the expert of the claimant, who, in answer to a hypothetical question, said that there was "a relationship between the work . . . [the employee] did and the fall — the physical

nervous shock associated with the fall," and that he felt there was "a relationship between these events" and his death. The expert for the self insurer was of the opinion that the death of the employee was due to the progress of disease and unrelated to what he was doing at the time.

The single member found upon all the evidence that the employee sustained personal injury arising out of and in the course of his employment: to wit, aggravation of a preëxisting heart condition, caused by exertion while trying to keep himself from falling and the shock following the fall, and awarded compensation to the widow. The reviewing board affirmed and adopted the findings of the single member.

It has been established by this court that the decision of the board is to stand unless unsupported by the evidence including all rational inferences therefrom. *Griffin's Case*, 315 Mass. 71, 73, and cases there cited. *Sawyer's Case*, 315 Mass. 75, 76. We are satisfied that there was ample evidence to warrant the findings of the board that the employee's death was hastened by the stress and strain of the work he was doing on the morning of the accident and the shock following the fall, and that his death was the result of an injury arising out of and in the course of his employment. It is well settled by our decisions that "When a pre-existing heart disease of the employee is accelerated to the point of disablement . . . there may be found to have been a personal injury" within the meaning of the act. *Madden's Case*, 222 Mass. 487, 496. *Colantueno's Case*, 275 Mass. 1, 3–4. *Griffin's Case*, 315 Mass. 71, 74. *Donlan's Case*, 317 Mass. 291, 294. There is no merit to the second issue raised by the self insurer to the effect that the decree entered by the Superior Court was not supported by the findings of the board. The board clearly found that, as a result of the fall and the injury sustained thereby, the employee died within a matter of minutes.

In view of the finding of the board that the injury arose out of and in the course of his employment, it is unnecessary

to consider the effect of the presumption to the same effect afforded by G. L. (Ter. Ed.) c. 152, § 7A, inserted by St. 1947, c. 380.

Costs under G. L. (Ter. Ed.) c. 152, § 11A, as inserted by St. 1945, c. 444, shall be allowed by the single justice. See now St. 1949, c. 372.

*Decree affirmed.*