JEREMIAH GALLANT'S CASE.

Suffolk.    November 9, 1950. — November 30, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Workmen's Compensation Act*, Receipt of employment security benefits, Right to compensation. *Employment Security*, Workmen's compensation.

At the hearing by the Industrial Accident Board of a claim for workmen's compensation for partial incapacity from hernia during a period following discharge of the claimant from his employment, it was error to exclude evidence offered by the insurer to show that the claimant had applied for and received benefits under the employment security act for the same period.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation under the workmen's compensation act.

The case was heard by *Goldberg*, J.

*J. L. Fitzpatrick*, for the insurer.

No argument nor brief for the claimant.

LUMMUS, J.  In this workmen's compensation case, the evidence was that the employee, while working as a night watchman for J. W. Wood Elastic Web Company, suffered a hernia on February 19, 1946.  He first noticed it as he crouched down to go through a low passageway in the course of his work.  He was paid compensation for total incapacity until March 10, 1946.  Returning to work, he worked until May 30, 1947, when he asked for lighter work and was discharged.  His heart condition would not permit an operation.  He could do light work sitting down, and has sought such work but has been unable to get it.

The insurer offered to show that the employee has applied for and received unemployment benefits under G. L. (Ter. Ed.) c. 151A, as appearing in St. 1941, c. 685, § 1, and as amended.[1]  This evidence was excluded by the single member and also by a majority of the reviewing board, subject to the insurer's exception.  *Indrisano's Case*, 307 Mass. 520. The reviewing board awarded the employee compensation for partial incapacity.  The Superior Court entered a decree accordingly, and the insurer appealed.

Said c. 151A, § 25 (d), as amended by St. 1945, c. 356, provides that no. unemployment benefits shall be paid for any period with respect to which an applicant receives workmen's compensation other than for specific injuries under G. L. (Ter. Ed.) c. 152, § 36.  In this case no claim for specific injuries is made.

In *Pierce's Case*, 325 Mass. 649, 658, decided after the decree below in the present case was entered, this court, in deciding that an employee cannot have both workmen's compensation and unemployment benefits, said, "Both the benefits and the compensation are charges on industry, but, with the exception covering specific injuries under c. 152,

---

[1] The insurer's offer of proof stated that the application for such benefits was "following May 30, 1947, when he got through work with the assured." — REPORTER.

§ 36, as amended, it was not intended that industry should be saddled with the double burden of paying benefits and compensation during the same period in which an employee is not earning wages," citing *Mizrahi's Case*, 320 Mass. 733, 736–737.

We think there was error in excluding the offered evidence. The final decree is reversed, and the case is remanded to the Industrial Accident Board for rehearing.

*So ordered.*