JOHN JOSEPH BRZOZOWSKI's (dependents') CASE.

Franklin.    September 19, 1951. — November 27, 1951.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies. *Proximate Cause.*

A finding by the Industrial Accident Board in a proceeding under the workmen's compensation act, that work of an employee in nailing parts of packing cases together and lifting and moving them on a day when he died at his place of work, together with an abnormal temperature that day, "accelerated the development of" a preëxisting heart disease, "precipitated" a heart attack and brought about his death sooner than it would otherwise have occurred, warranted the board's conclusion that the employee had sustained a personal injury arising out of his employment, even though the strain which caused the injury was not an unusual one or the result of heavy work.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Sullivan*, J.

*T. B. Shea*, for the claimant.

*M. J. Donovan*, for the insurer.

SPALDING, J.   The employee worked as a case nailer.   His duties included nailing the sides and bottoms of cases together, turning the cases over to put the bottoms on, and then placing the cases on a truck by lifting one end of the case and pushing the truck underneath.   He would then push the truck to another part of the room or to the packing room.   The cases varied in size and weighed from sixteen to one hundred pounds.   His work commenced at 7:00 A.M. At nine o'clock on the morning of June 6, 1949, he complained to one Harris, a fellow employee, that he was not feeling well.   This complaint was repeated once or twice more.   After the first complaint Harris did all of the lifting or raising of cases onto the trucks for the employee while

the latter continued nailing. The employee went to lunch between twelve and one o'clock and then resumed his work nailing cases. At three o'clock Harris left the room where he and the employee worked to go to the packing room. On his return he saw the employee lying on the floor "staring up into the air." Receiving no response on calling to the employee, Harris notified the foreman and subsequently the medical examiner was called. When the medical examiner arrived at four o'clock the employee was dead. In the opinion of the medical examiner the cause of death was "coronary heart disease." The employee was forty-eight years old at the time of his death.

The single member, after finding the foregoing facts, adopted the opinion of Dr. Welch, a physician called by the claimant, and found that the employee "had a prior disease of his coronary arteries; that the work performed by him on June 6, 1949, associated with the abnormal temperature precipitated the heart attack and accelerated the development of the condition in . . . [his] heart which induced death sooner than it would have come"; and that said "aggravation and acceleration constitutes a personal injury within the meaning of the workmen's compensation act." Compensation was awarded to the claimant, the employee's widow, for the benefit of herself and her two minor children, all of whom, it is agreed, are dependents.

The findings and decision of the single member, with a modification not here material, were affirmed by the reviewing board. On certification to the Superior Court it was decreed that the employee did not sustain a personal injury arising out of and in the course of his employment on June 6, 1949, and that the claim be dismissed. The claimant appealed.

The subsidiary findings of the reviewing board were warranted. The question to be determined is whether these furnish a basis for the board's conclusion that the employee had sustained a personal injury attributable to his employment. We are of opinion that they would. The board could have concluded that the employee underwent a

strain in connection with his employment which operated on his preëxisting heart condition in such a manner as to constitute a personal injury under the act. Awards of compensation in cases of this sort have frequently been upheld by this court. *Brightman's Case*, 220 Mass. 17, 20. *Madden's Case*, 222 Mass. 487. *Griffin's Case*, 315 Mass. 71. *Donlan's Case*, 317 Mass. 291. *O'Flaherty's Case*, 325 Mass. 303. In *Brightman's Case*, cited above, this court said, "Acceleration of previously existing heart disease to a mortal end sooner than otherwise it would have come is an injury within the meaning of the workmen's compensation act" (page 20).

Contrary to the insurer's contention the occupational strain which gives rise to the injury need not be an unusual one or the result of heavy work. Doubtless where it occurs in cases of unusual exertion it is easier to find that the employee's condition was attributable to his work, but strains resulting from work that is neither heavy nor unusual may also form the basis of a finding that the employee has sustained a personal injury. *Madden's Case*, 222 Mass. 487 (pulling of a carpet). *Griffin's Case*, 315 Mass. 71 (carrying two or three iron fittings weighing fifteen pounds each). *Clover, Clayton & Co. Ltd.* v. *Hughes*, [1910] A. C. 242 (strain from tightening of nut by a spanner which was described as "quite ordinary in this quite ordinary work"). In the case last cited it was said — and rightly we think — by Lord Loreburn, L. C., "I do not think we should attach any importance to the fact that there was no strain or exertion out of the ordinary. . . . If the degree of exertion beyond what is usual had to be considered in these cases, there must be some standard of exertion, varying in every trade" (pages 246–247).

We recognize that there are decisions which hold that where the employee's incapacity or death is caused by a gradual breaking down of tissue as a result of work over a long period it cannot be said to arise from a personal injury within the meaning of the act. Cases applying that principle are *Maggelet's Case*, 228 Mass. 57, 61, *Burns's Case*,

266 Mass. 516, and *Reardon's Case,* 275 Mass. 24, 27. The line between cases of that type and those where an employee suffers a strain in the performance of his work may at times be difficult to ascertain, but it exists nonetheless. Whether the employee's death here was caused by a gradual degeneration of his cardiac organs or was accelerated by a strain or exertion attributable to his work on June 6 was a question of fact for the board to decide. We cannot say that its decision was unwarranted.

Since the board's decision was and could have been made without resort to the presumption created by G. L. (Ter. Ed.) c. 152, § 7A, inserted by St. 1947, c. 380, there is no occasion to decide what its effect would be here. See *O'Flaherty's Case,* 325 Mass. 303, 305–306.

The decree of the Superior Court is reversed, and a decree must be entered in favor of the claimant for compensation. Costs under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, shall be allowed by the single justice.

*So ordered.*