JEREMIAH GALLANT'S CASE.

Suffolk.    November 3, 1952. — January 2, 1953.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Workmen's Compensation Act*, Incapacity, Employment security benefits, Right to compensation. *Proximate Cause. Election.*

A finding in a workmen's compensation case that the employee was partially incapacitated by a hernia suffered while on the job was warranted by evidence that he was prevented from doing certain work both by the hernia and by a previously existing heart condition. [608]

The mere fact that an employee partially incapacitated by an injury suffered while at work applied for and received benefits under the employment security law during a portion of the period of his incapacity and thereby became disqualified to receive partial incapacity compensation under the workmen's compensation act for the same portion of the period did not constitute an election precluding him

from receiving workmen's compensation for the rest of the period. [609]

In a workmen's compensation case wherein there was properly deducted from incapacity compensation found due the employee the amount of compensation commensurate with a period during which he had accepted benefits under the employment security law, an order that the insurer pay the compensation so deducted to the director of the division of employment security for deposit in the unemployment fund was unauthorized and erroneous. [609–610]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation under the workmen's compensation act.

The case was heard by *Brogna*, J.

*John L. Fitzpatrick*, for the insurer.

*Leonard E. Weafer*, for the claimant.

QUA, C.J. In accordance with our former decision in *Gallant's Case*, 326 Mass. 507, the Industrial Accident Board has deducted from the amount found due as compensation for partial incapacity the amount of compensation that would have accrued during the time when the employee was receiving benefits under the employment security law, and the case is here again on the insurer's appeal.

1. The evidence warranted the finding of partial incapacity as the result of the hernia suffered by the employee while on the job on February 19, 1946, even though the employee was also suffering from a previously existing heart condition. There was medical testimony that the employee was prevented from doing heavy work both by the hernia and by the condition of his heart; that the two could not be separated; and that independently of his heart "he would still have disability for doing" work which involved being continuously upon his feet and going up and down stairs. This is a case where the board could find that there was partial incapacity which was the combined proximate result of two causes one of which arose out of and in the course of the employment. *Madden's Case*, 222 Mass. 487, 495. *Walsh's Case*, 227 Mass. 341. *Cusick's Case*, 260 Mass. 421. *Panagotopulos's Case*, 276 Mass. 600, 607. *Whitehead's Case*, 312 Mass. 611, 613. See *Colantueno's Case*, 275 Mass.

1, 4; *Varao's Case,* 316 Mass. 363; *O'Flaherty's Case,* 325 Mass. 303, 305.

2. We cannot agree with the insurer that because the employee applied for and accepted benefits under the employment security law he is precluded from receiving compensation for "the entire period of one continuing absence from work." The board rightly refused compensation for the same period of time for which benefits had been received, but this was as far as the board could go in denying compensation because of the receipt of benefits. There is no rule that by applying for or receiving benefits the employee has made an election binding upon him through an entire period of continuous unemployment. It is true that the theory of the employment security law is that the employee is able and willing to work but cannot find work to do (G. L. [Ter. Ed.] c. 151A, § 24 [b], as appearing in St. 1951, c. 763, § 8), while the theory of the workmen's compensation law is that the employee is totally or partially incapacitated for work. The employee is not entitled to both forms of relief for the same period of time, with an exception as to compensation for specific injuries as provided in c. 151A, § 25 (d), as now appearing in St. 1951, c. 763, § 9. *Pierce's Case,* 325 Mass. 649, 654–659. But a part of a continuous period of unemployment may have been brought about by inability to find work and another part may have been brought about by incapacity to perform work. Except for such inconsistencies as are inevitable where two separate tribunals may be obliged to make findings of fact arising from the same set of circumstances, proper results will be reached if each of the respective agencies required to administer these two forms of financial assistance acts independently within its own sphere upon the evidence before it, simply according necessary recognition to the action of the other.

3. There was error in the ruling of the board, embodied in the second paragraph of the decree, by which the insurer was ordered to pay to the director of the division of employment security for deposit in the unemployment fund the

compensation that in accordance with the board's findings would have been payable to the employee for the time for which he received unemployment benefits. It is the duty of the Industrial Accident Board to administer the workmen's compensation law. It is not its duty to determine that payments from the unemployment fund were mistakenly made by the division of employment security. There is no provision in the workmen's compensation law for reimbursement of the unemployment fund. The compensation insurer never bound itself to make such reimbursement. See *MacAleese's Case*, 308 Mass. 513.

4. The decree is modified by striking out the second paragraph, and as so modified is affirmed.

*So ordered.*