WILLIAM P. STANTON'S (dependent's) CASE.

Suffolk.   April 6, 1954. — April 27, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.  *Proximate Cause.  Evidence*, Declaration of deceased person.

Testimony by a physician as to statements made to him by an employee, which was admitted under G. L. (Ter. Ed.) c. 233, § 65, as appearing in St. 1943, c. 232, § 1, in a workmen's compensation case following the employee's death, was properly considered as substantive evidence of facts supporting a claim for dependency compensation.

A finding that the death of an inspector of the registry of motor vehicles was the result of an injury arising out of and in the course of his employment was warranted by evidence that upon chasing and becoming involved in an altercation with a motorist the inspector suffered physical difficulty, that a few days later a physician diagnosed angina pectoris which was precipitated by such incident and was the first symptom of a heart ailment, and that his death through another heart attack about a year and one half after such incident followed in the natural course of events.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Dowd*, J.

*George Fingold*, Attorney General, *& Malcolm M. Donahue*, Assistant Attorney General, for the Commonwealth, insurer, submitted a brief.

*Charles J. Kickham, Jr.*, for the claimant.

RONAN, J.   This is an appeal from a decree of the Superior Court awarding compensation to a dependent on account of the death of an employee in accordance with a decision of the Industrial Accident Board.

The decedent had been employed for many years as an inspector of motor vehicles by the registry of motor vehicles of the Commonwealth.   The family physician was the only witness before the single member.   The following facts could be found from his testimony.   The decedent was

accustomed to have the doctor examine him each year. He was examined on March 18, 1949, and no trace of any heart disease was found. He next saw the doctor on April 24, 1950, and told him that while on duty on April 18, 1950, he had become involved in an altercation with the operator of an automobile whom he had chased, that he had experienced a pain in his chest which developed during the argument with the operator, that he became pale and was required to sit down and rest, and that a fellow inspector happened to observe his condition and gave him some nitroglycerin tablets which relieved him. He had never complained to the doctor, prior to the visit of April 24, 1950, of any heart condition. There was a connection between the incident of April 18, 1950, and his condition on April 24, 1950. It was the first time the witness had discovered any evidence of coronary artery disease and in his opinion it was precipitated by the chasing of and argument with the motorist. The employee saw the doctor on February 1, 1951. He complained of pain. The electrocardiogram disclosed a condition consistent with a coronary artery disease and also "an old anterior infarction, a myocardial infarction." He was advised to stop work for a few months. He rested for about two months when he returned to work on a light duty basis, and he continued doing light work until October, 1951, when he suffered another heart attack which caused his death. The angina pectoris which the doctor diagnosed in April, 1950, was the first symptom that the coronary artery was insufficient; the first symptom is often precipitated by an emotional upset or a physical activity, and in the natural train of events death followed, as it did here, from an acute myocardial infarction.

The statute, G. L. (Ter. Ed.) c. 233, § 65, as appearing in St. 1943, c. 232, § 1, providing for the admission of certain declarations of a deceased person, applies to proceedings under the workmen's compensation act, G. L. (Ter. Ed.) c. 152, *Pigeon's Case*, 216 Mass. 51; and the admission of such declarations imports a finding that the statutory conditions precedent to their admission have been satisfied.

*Rothwell* v. *First National Bank*, 286 Mass. 417, 420. *O'Brien* v. *Bernoi*, 297 Mass. 271, 274. The statements of the decedent on April 24, 1950, to his family physician were properly considered as substantive evidence. *Filosa's Case*, 295 Mass. 592. The evidence, although somewhat meager, was in our opinion sufficient to support the finding that the death arose out of and in the course of his employment. *Madden's Case*, 222 Mass. 487. *Griffin's Case*, 315 Mass. 71. *O'Flaherty's Case*, 325 Mass. 303. The instant case is governed in general by *Egan's Case*, *ante*, 11, and in particular by *McMurray's Case*, *ante*, 29.

Costs under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, as amended by St. 1949, c. 372, shall be allowed by the single justice.

*Decree affirmed.*