JOAN ELIOPULOS'S CASE. January 31, 1957. Decree affirmed. The employee brought this claim for compensation for an injury which she alleged arose out of and in the course of her employment. The single member found these facts: The employee, a high school student aged seventeen, worked in the photography studio of her employer during the summer of 1953. She appeared to like her work and her supervisor. On or about September 3 there was a change of supervisors and the employee had some difficulty with the new supervisor, Mrs. Darra, as Mrs. Darra wanted "things done her way and the employee 'was accustomed to doing things'" differently. On September 4 there was "some mixup in the disposition of some money" which had been misplaced and the employee "was apparently scolded," and this

upset her. On the following day something was said about the missing money and the employee became very much disturbed, and her father who was notified of her condition took her home where she was treated by a physician. On the following day she was taken to a psychiatrist, Dr. LeBeaux. Subsequently she was admitted to the Worcester State Hospital where her condition was diagnosed as schizophrenia. The single member, citing *Charon's Case*, 321 Mass. 694, ruled that mental disturbance unaccompanied by physical impact could be a compensable injury under the compensation act. He found, however, that in the light of the medical history and emotional background of the employee, concerning which there was considerable evidence, her mental illness was not causally related to her employment and that she did not sustain an injury arising out of and in the course of her employment; he dismissed the claim for compensation. The findings and decision of the single member, with a slight clarifying modification, were affirmed by the reviewing board. From a decree of the Superior Court in accordance with the board's decision, the employee appealed. There was no error. Whether the employee sustained an injury arising out of and in the course of her employment was a question of fact for the board. The board's findings, which were amply supported by evidence and were not tainted by error of law, must stand. *Griffin's Case*, 315 Mass. 71, 73.

*James N. Ellis*, for the claimant.

*Terence F. Riley*, for the insurer.