## RAYMOND F. ROYER'S CASE.

Hampden.   September 25, 1957. — November 6, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Workmen's Compensation Act*, Injuries to which act applies; Procedure: exceptions. *Proximate Cause. Error*, Whether error harmful.

The propriety of a refusal by the reviewing board in a workmen's compensation case to strike out certain evidence was not open in this court where an exception to the refusal was not taken before the board. [336]

The final decree in a workmen's compensation case should not be reversed by reason of a refusal by the reviewing board to strike out certain evidence admitted de bene where substantially the same evidence was received at other times without objection. [336]

Evidence in a workmen's compensation case warranted a finding that the employee sustained an incapacitating injury arising out of and in the course of his employment when, after treatment for several years for hypertension and polycythemia vera, he suffered an acute myocardial infarction while doing heavy work in cleaning out a drain on a hot day. [337]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Bolster, J.*

*Thomas L. Goggin,* for the insurer.

*Robert J. Moran,* for the claimant.

COUNIHAN, J.   This is an appeal by an insurer from a decree awarding compensation for total incapacity and dependency, as a result of a coronary occlusion, in accordance with a decision of a reviewing board which affirmed and adopted the findings and decision of the single member. There was no error.

The claimant, who was fifty-six years old when he suffered this attack, was employed by the town of Montague as a laborer and had been for about three months.   On July 7, 1955, which was quite a hot day, he was engaged in cleaning out a tile drain located under the ground about two feet.   The drain had become plugged up by reason of sand, gravel, stones, and rubble in it which resulted from a recent rain storm.   In order to get at the drain he and a fellow employee had to dig around it for a depth of one to two feet.   They then inserted a "worm" into the drain and while in a bent over position they had to push and pull the worm back and forth to loosen up the material.   It was heavy work.   They then used a trowel to get the sand, gravel, stones, and rubble out.   At about 11:30 A.M. while so engaged the claimant was in a crouched position.   He felt his arms draw up and an intense pain in his chest which radiated to his arms.   He was taken to his home by his foreman and shortly thereafter was seen by a doctor who sent him to a hospital.   He was discharged from the hospital on August 14, 1955, with a diagnosis of (1) acute coronary occlusion with posterior wall myocardial infarction, (2) hypertension with hypertensive heart disease, and (3) polycythemia vera.   The claimant had not returned to work at the time of the hearing before the single member.

The doctor for the claimant testified that he had treated him frequently from April, 1948, for hypertension and poly-

cythemia vera which is a disease arising out of increased viscosity of the blood. During that time he never observed that the claimant had any coronary trouble. In the opinion of this doctor the work in which the claimant was engaged on July 7, 1955, was the direct and contributing cause of the acute myocardial infarction which he suffered on that day.

The single member relying upon this opinion of the doctor found that the work in which the claimant was engaged was the direct and contributing cause of the myocardial infarction. He further found that the injury arose out of and in the course of the claimant's employment and that his incapacity was causally related to his heart condition. He awarded him compensation for total incapacity and compensation for dependency because of the claimant's mother who was totally dependent upon him for support up to the time she died on March 11, 1956.

At the hearing before the board the insurer requested that the board strike out certain evidence relating to the causal connection of the work with the injury which had been admitted de bene by the single member. The board denied this request for the reason that it was not seasonably made.

The record does not show that any exception was taken to the action of the board in failing to strike out the evidence admitted de bene. Moreover, the same evidence in substantially the same form was given by the claimant's doctor several other times without objection by the insurer so that substantial justice does not require reversal. *Indrisano's Case,* 307 Mass. 520, 522–523.

The only issues before us therefore are whether the reviewing board was warranted in finding that the disability of the claimant resulted from an injury arising out of and in the course of his employment and whether there was a causal connection between his work and his disability following July 7, 1955.

As to these issues it is well settled and no citation of authority is necessary, that on appeal the findings of a reviewing board are to be upheld where the findings are not

lacking in evidential support and are not vitiated by error of law.

In the case at bar there was ample evidence from the claimant's doctor to support the finding of the board that "the work in which the employee was engaged on July 7, 1955, was the direct, contributing cause of the acute myocardial infarction which the employee suffered on July 7, 1955," and its subsequent findings that the injury arose out of and in the course of his employment; that he was totally incapacitated for work; and that such incapacity was causally related to the injury of July 7, 1955.

The board could have well concluded that the employee underwent a physical strain because of the nature of his work which when considered with his prior condition produced a personal injury. "Awards of compensation in cases of this sort have frequently been upheld by this court." *Brzozowski's Case*, 328 Mass. 113, 115. *Brown's Case*, 334 Mass. 343, 346–347.

Costs of this appeal under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, are to be determined by the single justice.

*Decree affirmed.*