CHESTER E. BEDORE'S CASE.

Hampden.    September 23, 1959. — November 3, 1959.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Workmen's Compensation Act*, Injuries to which act applies. *Proximate Cause*. *Evidence*, Presumptions and burden of proof.

Evidence in a workmen's compensation case involving an employee who suffered severe and incapacitating back pain while sitting having a cup of coffee during the regular coffee break period one morning after working for some time did not as matter of law require findings contrary to decisive findings made by the Industrial Accident Board that the employee had failed to prove that the back difficulty was "by reason of any incident of his employment" or that it arose "out of" his employment; and a decree dismissing the claim was correct.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *O'Brien*, J.

*Herbert Murphy*, for the claimant.

*Edward C. Uehlein*, for the insurer.

WHITTEMORE, J.   The claimant in this workmen's compensation case has appealed from the decree in the Superior

Court which dismissed the claim and included the ruling that "the claimant has failed to sustain the burden of proving that the injuries which occurred on March 11, 1958, arose out of and during the course of his employment under the provisions of G. L. (Ter. Ed.) c. 152." The reviewing board had affirmed and adopted the findings and decision of the single member and denied the claim.

The findings of the single member are, in substance, as follows: On September 4, 1958, the employee filed a claim that on March 11, 1958, he suffered aggravation of an injury to his back which occurred January 16, 1956, while at work of the assured. The case was heard on the issues of an injury arising out of and in the course of employment on March 11, 1958, and if so whether there was resulting incapacity for work. The 1956 injury was admitted. "I find that as result of the January 16, 1956, incident this employee was obliged to remain away from work for about four days and saw a physician on four occasions; that he thereafter resumed his regular duties with assured with no further loss of time because of any back complaint. There is some conflict in the testimony, with particular reference to histories given physicians, as to whether claimant was symptom-free from the time of his resumption of duties in 1956 to March 11, 1958. It is very clear and undisputed that claimant suffered severe back pain on March 11, 1958, at nine in the morning, while sitting in the lunch room having a cup of coffee during the regular coffee break period. After careful consideration of all the evidence, with particular reference to medical opinion, I find that this employee has failed to prove by a fair preponderance of credible evidence that he suffered personal injury arising out of and in the course of his employment, either by way of causation or aggravation, on March 11, 1958, or that he has been disabled for work since March 11, 1958, by reason of any incident of his employment with assured."

The claimant stresses the evidence from which it could have been concluded that the 1956 injury occurred in part because of the awkward position in which the claimant was

obliged to stand in lifting milk bottles into a washing machine, that he continued from time to time to experience pain in his back in the course of such work, notwithstanding two changes in the position of an operating pedal, and that he experienced pain and discomfort to the point of having "to stop and move around a little bit" while working on the morning of March 11, 1958, in the period from 7:30 A.M. to 9 A.M., doing, with only one other man, lifting work to which he had been told a third man would be assigned. There was also evidence that the incident in the lunch room was severe and disabling, leading to hospital treatment, that three other such incidents occurred in the course of about two months, and that the claimant continued to be unable to work.

Two physicians called by the claimant testified that there was a probable relationship between the 1956 injury and the 1958 incident. A third physician, called by the insurer, who examined the claimant in May, 1958, testified that he concluded "that the sprain occurred while he was sitting drinking coffee (apparently just twisted his trunk in the wrong manner and suffered a 'kink'). I further concluded that this episode is not related to the incident that happened in . . . 1956 because I feel that he had satisfactorily recovered."

The likelihood that the severe and disabling back injury manifested in the coffee break on March 11, 1958, was causally related to the claimant's work on the job earlier that day, even if not related to the 1956 injury, would not require the ruling that as a matter of law such connection was proved. The fact that the physicians were not examined on this relationship does not show an error of law.

It is not significant that the findings may be ambiguous on the issue of injury "in the course of . . . employment." G. L. c. 152, § 26. We assume in view of our decisions as to lunch periods on work premises (see *Charon's Case*, 321 Mass. 694, 698, and cases cited) that if the case turned on this ambiguity recommittal would be required. See *Moore's Case*,

330 Mass. 1, 5–6. But we think the single member, in finding it unproved that the claimant's disability was "by reason of any incident of his employment with assured," has resolved against the claimant the decisive issue of injury arising "out of . . . [the] employment" (G. L. c. 152, § 26). The evidence did not require the conclusion that the dislocation while seated in the chair necessarily arose from any risk with which the claimant's employment brought him in contact, *Souza's Case*, 316 Mass. 332, 334, *Kubera's Case*, 320 Mass. 419, 420, *McLean's Case*, 323 Mass. 35, 38, *Baran's Case*, 336 Mass. 342, 344, or from any aspect of the job — "the nature, conditions, obligations or incidents of the employment." *Caswell's Case*, 305 Mass. 500, 502. *Hallett's Case*, 232 Mass. 49. Compare *Barrette's Case*, 312 Mass. 697; *Souza's Case*, 316 Mass. 332; *McManus's Case*, 328 Mass. 171; *Baran's Case*, 336 Mass. 342. In the circumstances the board's decision is conclusive. *Chapman's Case*, 321 Mass. 705, 707.

*Decree affirmed.*