JOHN M. KORSUN's (dependent's) CASE.

Suffolk. February 8, 1968. — April 3, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

Evidence in a workmen's compensation case did not warrant a conclusion that an elderly employee, who had suffered from coronary thrombosis and whose death resulted from emotional stress induced by the sight of an empty whiskey bottle in his desk drawer, the presence of which was wholly unexplained, at a time when the employee was apprehensive of losing his job, sustained a personal injury arising out of and in the course of his employment.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation under the Workmen's Compensation Act.

The case was heard by *Sullivan*, J.

*Abraham Newman* for the claimant.

*Ernest W. Piper, Jr.*, for the insurer.

KIRK, J. This is a claim for death benefits under G. L. c. 152, § 31. A member of the Industrial Accident Board found that the employee sustained an injury "arising out of and in the course of his employment" which led to his death and ordered payment of benefits. The reviewing board affirmed and adopted the findings and decision of the single member. On the insurer's appeal to the Superior Court, the judge entered a decree dismissing the claim on the ground that "the evidence does not warrant a finding that the employee's injury and death arose out of and in the course of his employment." The case is before us on the claimant's appeal from the decree of the Superior Court.[1]

The findings of the reviewing board are final unless they are wholly lacking in evidential support or tainted by error of law. *Hachadourian's Case*, 340 Mass. 81, 85. *Buck's Case* 342 Mass. 766, 768. We summarize the evidence. Korsun was sixty-four years old and had been employed by the assured for forty years. In 1957, he had suffered from a condition known as coronary thrombosis. He was employed as an elevator operator and rope cutter. On January 2, 1963, following a twelve day vacation, he returned to work. At the end of the work day he went home where he told his son, and later his wife, that upon his arrival at work he opened his desk drawer, found an empty whiskey bottle, went into an adjoining office where two fellow employees were, slammed the bottle on a desk and said, "What are

---

[1] In view of the disposition which we make of the case on the merits, we need not consider either the contention of the insurer that the report of the single member, adopted by the board, did not meet the requirements of G. L. c. 152, § 8, or the insurer's exceptions, properly preserved, to the rulings made by the single member at the hearing. We likewise do not discuss the finding of causal relation which the single member reached by "adopting the opinions" of two doctors whose testimony on salient points appears to be irreconcilable.

you fellows trying to do to me? Don't you know that I'm scheduled to retire soon? If Mr. Frazier found this bottle I would get fired"; that he was so upset he could not run the elevator; that all he did was cut rope; that he was never so upset in his life. His face was blue, his lips were dark blue. He ate very little dinner that evening. Examination of his lunch pail showed that he did not eat his lunch. During the evening of January 2 Korsun continued to be upset. He complained of pains in his chest. Repeatedly, when his wife or son offered him one of the pills which were kept for that condition, he declined and asked for and drank a "shot" of whiskey instead. He went to bed about 9:30 P.M. About midnight his condition appeared worse. He was removed by ambulance to a hospital where he died on January 4, 1963.

The claimant's reliance upon the "horseplay clause" of G. L. c. 152, § 26 (as amended by St. 1937, c. 370, § 1), is misplaced.[2] There was no finding, no evidence and no basis for an inference as to how the whiskey bottle came to be in Korsun's desk. The question is, therefore, whether the death of an employee resulting from emotional stress induced by the sight of an empty whiskey bottle in his desk drawer when the employee was apprehensive of losing his job can be said to arise out of and in the course of his employment. (G. L. c. 152, § 26.) It must be shown that the injury arose from some risk with which the employment brought him in contact or from the nature, conditions, obligations or incidents of the job. *Bedore's Case*, 339 Mass. 639, 642, and cases cited. *Egan's Case*, 331 Mass. 11, 15, and cases cited.

Certain cases involving injury to the circulatory system or the nervous system of an employee because of physical exertion or strain or because of emotional stress or strain, or because of a combination of both in circumstances which

---

[2] "[I]f an employee while acting in the course of his employment . . . is injured by reason of the physical activities of fellow employees in which he does not participate, whether or not such activities are associated with the employment, such injury shall be conclusively presumed to have arisen out of the employment."

were held to arise out of his employment and therefore compensable, are relevant to the issue before us and are briefly mentioned: [3] Paralysis, caused solely by fright and terror when a bolt of lightning struck the roof of the plant, followed along sprinkler pipes, and blew out, with flash of light and noise, motors near the employee. *Charon's Case*, 321 Mass. 694. Death or incapacity resulting from the aggravation of a preëxisting heart disease because of physical exertion or strain at work. *Madden's Case*, 222 Mass. 487. *Griffin's Case*, 315 Mass. 71. *O'Flaherty's Case*, 325 Mass. 303. *Lysaght's Case*, 331 Mass. 451. See *Messersmith's Case*, 340 Mass. 117, 123–124. A "brain difficulty" suffered by and producing loss of speech in a cab driver who, responding to the order of a police officer to get help in the arrest of three men held at bay with a gun, became scared, nervous and excited when one of the men made a threatening gesture. *Egan's Case*, 331 Mass. 11. Death of a state inspector of motor vehicles from a heart attack which followed naturally from an earlier heart attack when the inspector pursued and had an altercation with a motorist and immediately showed the first signs of heart disease. *Stanton's Case*, 331 Mass. 378. Incapacity brought about by extremely heavy work load with accompanying physical and mental stress imposed upon the employee, a sales representative, by his employer. *Brown's Case*, 334 Mass. 343. Death of a state motor vehicle accident investigator caused by the aggravation of a preëxisting heart disease, the aggravation being due to emotional distress, worry and overwork in connection with the urgent and difficult investigation of a widely publicized episode involving a finding of suicide or accident. *McMurray's Case*, 331 Mass. 29.

In all of the above mentioned cases, the emotional stress or strain which caused or aggravated the condition which resulted in incapacity or death, arose in connection with the

---

[3] Excluded from consideration because of irrelevancy to the issue are cases where the employment brought the employee in contact with a risk which in fact produced the injury. See, e.g., *Caswell's Case*, 305 Mass. 500, 503, and cases cited; *Kubera's Case*, 320 Mass. 419; *Baran's Case*, 336 Mass. 342.

work of the employee. In *McMurray's Case*, it was said, "It is true that usually the emotional stress or strain appears to have been accompanied by some physical exertion. in connection with the work of the employee, but we perceive no difference between a stress or strain brought about by physical exertion and that occasioned by distress, worry, fear, or anxiety [in connection with the work of the employee]." The court also said that "this case goes to the verge." 331 Mass. at 32.

We think the case before us goes beyond the verge. In contemplation of the cases mentioned we hold as matter of law on the evidence before the board that Korsun's emotional stress, although it may have resulted in his death, was not a "personal injury" which is compensable under the Workmen's Compensation Act. Apprehension over the prospect of losing one's job does not arise "out of the nature, conditions, obligations or incidents of the employment." See *Caswell's Case*, 305 Mass. 500, 502. Rather it is a state of mind which arises from the common necessity of working for a living. Social legislation designed to relieve the consequences of losing one's job is found elsewhere. G. L. c. 151A. *Gallant's Case*, 326 Mass. 507, *S. C.* 329 Mass. 607. *Roderick's Case*, 342 Mass. 330, 333–334. See *Garrigan's Case*, 341 Mass. 413, 415, fn. 1. The added emotional stress, allegedly induced by the sight of an empty whiskey bottle in his desk drawer, where its presence was wholly unexplained, was, on the evidence, a personal idiosyncrasy and was not connected with his work.

The decree dismissing the claim was right and is affirmed.

*So ordered.*