FIREMAN'S FUND INSURANCE COMPANY & another *vs*.
COMMONWEALTH.

Suffolk. January 11, 1984. — May 15, 1984.

Present: BROWN, DREBEN, & WARNER, JJ.

*Workmen's Compensation Act*, Special fund, Reimbursement of insurer.

In proceedings by a workmen's compensation insurer seeking reimbursement
from the Commonwealth's Second Injury Fund for compensation paid
to an injured employee, the Industrial Accident Board was warranted in
concluding that the employee's extreme obesity was not a "congenital
condition" or "disease" within the meaning of G. L. c. 152, § 37. [130-131]

CERTIFICATION to the Superior Court Department of a deci-
sion by the Industrial Accident Board.

The case was heard by *John L. Murphy, Jr.,* J.

*Alan S. Pierce* for the insurer.

*Richard E. Daly,* Special Assistant Attorney General, for
the Commonwealth.

DREBEN, J. A judge of the Superior Court affirmed the
action of the reviewing board (board) adopting the findings
and decision of a single member which denied the appellant,
Fireman's Fund Insurance Company, reimbursement from the
Commonwealth's "Second Injury Fund" (G. L. c. 152, §§ 37
and 65). We affirm the judgment because the board, on the
evidence presented, was warranted in finding that the employ-
ee's obesity was not "a known physical impairment which is
due to any . . . disease or any congenital condition." G. L.
c. 152, § 37, as appearing in St. 1973, c. 855, § 2.

We summarize the evidence before the board. At the time
the employee was hired, he was "a markedly obese individual
weighing between 270 and 320 pounds." Although the employer

had reservations whether the employee could move quickly enough to perform his duties, the employer was not concerned about the employee's hurting himself and viewed him as healthy. The employee did not list any medical condition on his application for employment. Four days after being hired, the employee was hit by a car and received worker's compensation benefits. The insurer sought reimbursement from the Second Injury Fund because medical reports indicated that the employee's disability was, in large part, caused by his obesity.

The purpose of the Second Injury Fund is "'to encourage the employment of persons [with known physical impairments "due to any previous accident, disease or any congenital condition"] by relieving the employer or the insurer from the burden of paying the entire compensation for further disability of the employee due to the combined effect of his previous injury and one later received in the course of his employment.'" *American Mut. Liab. Ins. Co.* v. *Commonwealth,* 379 Mass. 398, 402 (1979), quoting from *McLean's Case,* 326 Mass. 72, 74 (1950).[1]

The insurer, in contending that the employee's extreme obesity is a congenital condition or a disease within the scope of § 37, relies on the testimony of an orthopedic surgeon who testified that the employee's obesity was a "familial trait" and a "metabolic condition." The Commonwealth, on the other hand, urges that the employee's varying weight[2] indicates that the condition was not permanent, was a matter within the employee's control, and, for these reasons, was not the kind of disease or condition contemplated by G. L. c. 152, § 37, See *Shirley* v. *Triangle Maintenance Corp.,* 41 A.D.2d 800, 801 (N.Y. 1973) (evidence indicated claimant could lose weight).

---

[1] The bracketed material is from § 37, as appearing in St. 1973, c. 855, § 2. The original version of § 37 provided relief in only a limited class of cases. *American Mut. Liab. Ins. Co.* v. *Commonwealth,* 379 Mass. at 402, contains a comprehensive study of § 37 and its legislative history.

[2] The doctor's records indicate that between 1974 and 1976 the employee's weight fluctuated between 270 and 370 pounds and that he weighed 327 pounds in 1978.

Applying the appropriate standard of review, see *Korsun's Case*, 354 Mass. 124, 125 (1968), we think the board was warranted in concluding that the insurer failed to show that the employee's condition was a "congenital condition"[3] or a disease. Compare *Durdaller* v. *Liberty Prods. Corp.,* 12 N.Y.2d 787, 788 (1962), where there was evidence that the employee's obesity was due to a permanent glandular condition. The same orthopedic surgeon whose testimony was relied upon by the insurer stated in one of his reports that it was his opinion that the problem was "entirely to do with diet." He testified that he had not conducted any medical tests to determine the cause of the employee's obesity, and in another of his reports noted that the employee had gained twenty pounds since the last examination "so there can't be much of any effort given to reducing his weight."

As the insurer did not establish that the employee's obesity was "a known physical impairment which is due to any previous accident, disease or any congenital condition," it was not entitled to reimbursement from the Second Injury Fund.

*Judgment affirmed.*

---

[3] Webster's Third New Intl. Dictionary 478 (1971) defines congenital as "existing at or dating from birth."